# Hess *v.* American Pipe Manufacturing Company, Appellant.

*Negligence—Explosion—Fright—Physical injuries—Evidence—Case for jury.*

Mere fright unaccompanied by physical injuries is not sufficient to sustain an action of negligence; but where a woman injured by an explosion testifies that in addition to the fright she was thrown on a chair by the force of the concussion and injured in the face by particles of glass from shattered windows, her case is for the jury, and a verdict and judgment in her favor will be sustained.

Argued Feb. 10, 1908. Appeals, Nos. 193 and 194, Jan. T., 1907, by defendant, from judgment of C. P. Chester Co., April Term, 1906, Nos. 39 and 40, on verdict for plaintiffs in case of William Hess and Ada Hess, his wife, v. American Pipe Manufacturing Company. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for William Hess for $400 and for Ada Hess for $1,800.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Thomas W. Pierce*, for appellant.

*Wilmer W. MacElree*, with him *Joseph H. Baldwin*, for appellee.

PER CURIAM, April 27, 1908 :

It is settled that mere fright unaccompanied by physical injury is not sufficient to sustain an action for negligence : Huston v. Freemansburg Boro., 212 Pa. 548; Ewing v. Ry. Co., 147 Pa. 40 ; Linn v. Duquesne Borough, 204 Pa. 551. The jury in the present case was explicitly instructed to this effect and there is no complaint of the charge in that respect.

While it may be a little doubtful even on the plaintiff's own testimony, whether she really received any direct physical injuries from the blast, apart from the fright, yet she testified positively that she was thrown on a chair by the force of the concussion, and this testimony gets some support from the fact that several window panes were broken and some particles of the glass struck her in the face.   It was claimed by defendant that her previous testimony was not in accord with this, but the question of credibility was for the jury.

Judgment affirmed.