# Samarra *v.* Allegheny Valley Street Railway Company, Appellant.

*Negligence—Street railway companies—Fright—Physical injury—Instructions to jury—Compensation for pain and suffering.*

1. In an action by a husband and wife to recover damages for personal injuries to the latter alleged to have been sustained by her while a passenger on one of defendant's street cars when for some cause the car left the track, the question of defendant's liability for the injuries is for the jury where it appears by the testimony of the plaintiff and her daughter, who was also a passenger, that she was thrown violently to the floor by the sudden jar, and was for a time rendered unconscious; that her person within a very short time thereafter showed extensive marks of external violence, and that as a consequence of these injuries, physical disability, in the nature of neuritis, resulted; and her attending physician testified that in his judgment her disability resulted from the injuries.

2. In such a case it is not error for the trial court, in answering defendant's point that "there can be no recovery for conditions produced by nervous shock or fright," to say to the jury, "there can be no recovery for nervous shock unaccompanied by physical injury, but if the nervous shock follows as the result of

physical injury, then the nervous shock is a part of the physical injury, and plaintiff is entitled to recover for that."

3. In such a case it is not error for the court to instruct the jury that the husband was entitled to compensation for loss of the services of his wife, "to the extent of his loss, in money" and "to the extent that he is damaged through the loss of her services, he is entitled to recover for loss in the future," where the court also instructs the jury that it is only the present worth of the money which can be recovered.

4. In such a case it is not error for the court to instruct the jury that the plaintiff was entitled to be compensated "for the pain and suffering which she will endure in the future," and "the law leaves it to your sound judgment as to what she ought to receive in money; because the law only knows to compensate in money."

Argued October 25, 1912. Appeals, Nos. 58 and 59, Oct. T., 1912, by defendant from judgment of C. P. Allegheny Co., Feb. T., 1909, No. 685, on verdict for plaintiffs in case of Charles Samarra and Rose Samarra, his wife, v. Allegheny Valley Street Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court. The jury returned a verdict for plaintiff, Rose Samarra, for $2,500, and for Charles Samarra for $1,500. The court subsequently refused a motion for judgment n. o. v. and entered judgment on the verdict. Defendant appealed.

From the record it appeared that the court charged the jury, inter alia, as follows: "The husband is entitled to the services of his wife. If he loses those services or any part of them, through the negligence of another, then to the extent of his loss in money he is entitled to be compensated in money. And if you find that she is still suffering from an injury received in this accident, and will continue to suffer in the future, then to the extent that he is damaged through the loss of her serv-

ices, he is entitled to recover for loss in the future." **(1)**

"As to damages which you may find he will suffer in the future, the reverse of that is true. He is entitled to be compensated to-day, you are compensating him to-day, for loss which he will sustain in the future. He is not entitled to recover the full amount of that loss which he may sustain some time in the future; but he is entitled to recover a sum which to-day will compensate him for that loss, taking into consideration the fact that he will have the use of that money from the day that he gets it on. It is an amount that we call the present worth of damages suffered in the future." **(2)**

"And if you find that she is still suffering pain, she is entitled to be compensated for the pain and suffering which she will endure in the future. As I have told you in other cases, and I call your attention to it again, we have no rule by which you may calculate that amount. I can give you very little instruction as to how you may arrive at that amount. The law leaves it to your sound judgment as to what she ought to receive in money; because the law only knows to compensate in money. What ought she to receive in money for the pain and suffering which she has endured, or will endure in the future?" **(3)**

*Error assigned* was refusal of the motion for judgment n. o. v. and various instructions to the jury, inter alia, 1, 2 and 3.

*Wm. A. Stone,* of *Stone & Stone,* for appellant.—The evidence was insufficient to warrant the finding of physical injury: Morris v. Railroad Co., 228 Pa. 198; Ott v. Philadelphia, 235 Pa. 354.

There can be no recovery for a nervous shock unaccompanied by physical injury: Chittick v. Philadelphia Rapid Transit Co., 224 Pa. 13.

The instruction as to compensation for pain and suffering was erroneous: McLane v. Pittsburg Railways

Co., 230 Pa. 29; Baker v. Pennsylvania Co., 142 Pa. 503;
Goodhart v. Penna. R. R. Co., 177 Pa. 1.

The instructions as to the measure of damages for loss
of earning power were erroneous: Goodhart v. Penna.
Railroad Company, 177 Pa. 1.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for
appellees.—The extent of plaintiff's injuries was for the
jury: Brashear v. Traction Co., 180 Pa. 392; Guckavan
v. Lehigh Traction Co., 203 Pa. 521; Hess v. American
Pipe Mfg. Co., 221 Pa. 67.

The instructions as to the right to recover for fright
were correct: Hess v. American Pipe Mfg. Co., 221 Pa.
67; Linn v. Duquesne Borough, 204 Pa. 551; McCaf-
ferty v. R. R. Co., 193 Pa. 339.

The instruction as to compensation for pain and suf-
fering was correct: Schenkel v. Traction Co., 194 Pa.
182.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

Rose Samarra, one of the plaintiffs, wife of Charles
Samarra, the other, was a passenger in one of the de-
fendant company's cars when from some cause the car
left the track, without, however, doing serious or special
injury to any of the passengers except Mrs. Samarra.
According to her testimony, supported by that of her
daughter, who was also a passenger, she was thrown
violently to the floor of the car by the sudden jar and
was for the time rendered unconscious. She testified
that her person within a very short time thereafter
showed extensive marks of external violence, and that
in consequence of the injuries she received, physical
disability to a large degree has resulted. The character
of her ailment it is agreed is neuritis. There was noth-
ing in the evidence submitted on behalf of the defendant
to impeach her testimony as to the particulars of the
actual occurrence. Her right to recover was denied
solely on the ground that she had sustained no physical

injury whatever from the accident to which her subsequent painful and disabled condition could be referred; that at most the evidence discloses nothing more than a case of nervous shock or fright from the unusual occurrence unaccompanied with physical injury. The testimony of the medical experts called by the defendant very largely supported this theory of the case; but, on the other hand, the testimony of the plaintiff herself as to the immediate occurrence and conditions which immediately followed with respect to her sufferings, which have continued remediless to this time, supported as it was by the testimony of her attending physician, who gave it as his judgment that her disability resulted from the injuries she received in the accident, established a prima facie case. On this state of the evidence it would have been clear error to have withheld the case from the jury. It is next complained that the trial judge erred in his answer to the following points submitted on behalf of the defendant: "There can be no recovery for conditions produced by nervous shock or fright." The answer was: "There can be no recovery for nervous shock unaccompanied by physical injury. But if the nervous shock follows as a result of physical injury, then the nervous shock is a part of the physical injury, and the plaintiff is entitled to recovery for that." Having regard to the admitted facts of the case, the instruction was entirely correct. There is nothing in the case of Chittick v. Philadelphia Rapid Transit Company, 224 Pa. 13, relied upon, that points to other conclusion. The two cases have no resemblance on their facts. In that case there was no pretense of external violence, the plaintiff there was not a passenger, but was sitting in her own home, 300 feet away from the tracks of the company, when an electric explosion occurred upon the company's right of way which affrighted her. The case disclosed no external violence to the person, and no injury was asserted except such as resulted from fright, and that alone. In the present case

the evidence was uncontradicted that the plaintiff by the jar was thrown with violence upon the floor of the car in which she was a passenger, and this was supplemented by the testimony sustaining her contention that her disability and suffering resulted from such fall. There is no necessity to distinguish the cases further.

The exception to the trial judge's instructions as to the damages recoverable for pain and suffering are without merit. The instructions clearly limited the recovery to compensation pure and simple, thereby avoiding the very error which caused reversal in the several cases to which we are referred in support of the exception. Our comment applies as well to the instructions given with respect to the husband's right to compensation. Upon the careful review of the whole case we find no error calling for a reversal.

The assignments of error are overruled and the judgment is affirmed.