# Boyle *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Pedestrian—Evidence—Speed of car—Intersecting streets — Municipal ordinance — Failure to give warning—Running beyond point of accident—Proximate cause.*

1. Where, in an action against a street railway company by a pedestrian struck by a car at an intersection of streets, plaintiff admits that she watched the car coming toward her, the motorman's failure to give warning by sounding the gong, is not the proximate cause of the accident, and cannot be alleged as negligence against the company.

2. A pedestrian being struck at a crossing of intersecting streets where a safety stop is required by ordinance, and the evidence showing that the stop of the car was made only after it had struck plaintiff and passed half its length beyond the point of collision, and that plaintiff was in full view of the motorman, the question is for the jury whether or not a stop was made at the proper place, · and, if not, whether such failure was owing to the car's excessive speed, or whether the motorman failed to have the car under proper control.

3. In such case, the fact that the car struck plaintiff and ran beyond the crossing point, indicates either a failure to comply with the ordinance, or that due care was not used in approaching the crossing.

1926.]                          Syllabus.

*Negligence—Damages—Physical injury—Mental or nervous suf-fering—Charge of court.*

4. Where, in an accident case, there is evidence of bodily injury from which nervous suffering could have resulted, it is not error for the court to refuse a point to the effect that there could not be a recovery for bodily or mental suffering, following or resulting from fright not connected with physical injury.

*Negligence — Damages — Evidence — Statement of plaintiff to doctors—Nervous condition—Opinion of physicians — Basis of — Charge of court.*

5. Where, in a damage case, it appears that plaintiff made certain statements to her doctor as to her nervous and mental condition after the injury, the trial judge cannot be convicted of error in charging that "subjective symptoms are just as important as objective, even though you cannot see them," where he also charges that the jury, if they believed plaintiff suffered in the way stated by her, should take that condition into consideration with the other evidence in assessing damages.

6. In such case, the trial judge did not take from the jury the question of the credibility of the witness in answering the questions of her physician.

7. A physician may express an opinion as to the condition of a plaintiff in a damage case, where it is based on statements of plaintiff relating to conditions, symptoms and feelings made for the purpose of receiving medical advice.

8. In such case, the fact that plaintiff stated she received a blow, as evidenced by bruises which served to corroborate her statement, is properly received as forming the basis of the opinion of the physician.

*Negligence—Damages—Verdict—Amount — Permanent injuries —Nervous condition similar to "shell shock."*

9. A judgment of $11,500 in favor of a minor in an accident case will be sustained, where, although there is no permanent bodily injuries or disfigurement, the evidence of physicians shows that plaintiff is suffering from a functional condition of the nervous system similar to "shell shock" from which she might not recover.

*Negligence—Charge of court—Language used as illustration—Harmless error.*

10. A judgment on a verdict in a negligence case will not be reversed because the court used language merely by way of illustration, without particular application to the facts of the case, and it appears that the use of such language did defendant no harm.

Argued April 20, 1926.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Sadler, JJ.

Appeals, Nos. 152 and 153, Jan. T., 1926, by defendant, from judgments of C. P. No. 1, Phila. Co., March T., 1924, No. 770, on verdicts for plaintiffs, in cases of Helen Boyle v. Philadelphia Rapid Transit Co. and Julia Boyle v. Philadelphia Rapid Transit Co.   Affirmed.

Trespass for personal injuries.   Before McDevitt, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for Julia Boyle for $500.   Verdict for Helen Boyle for $16,000 on which judgment was entered for $11,500.   Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Russell Duane,* with him *Layton M. Schoch,* for appellant.—The court below committed error in not directing a verdict for defendant and subsequently in not entering judgment for defendant non obstante veredicto on the ground that plaintiff had failed to prove any negligence by defendant: Tolson v. P. R. T. Co., 248 Pa. 227; Cornell v. Rys. Co., 54 Pa. Superior Ct. 230; Moss v. Traction Co., 180 Pa. 389; Wolf v. Transit Co., 252 Pa. 448; Radziemenskie v. R. R., 283 Pa. 182; Barton v. Transit Co., 283 Pa. 577.

The court below was in error in refusing to affirm defendant's third point for charge, which related to the question of recovery for the results of fright not connected with any physical injury: Morris v. R. R., 228 Pa. 198.

Defendant is entitled to a reversal of the judgment because in the charge the court below placed subjective and objective symptoms of an alleged injury on a parity.

The court below was in error in charging the jury that "a pedestrian has no more right to rush in front of a moving trolley car unless she thinks she can get to

a place of safety, than the trolley car has a right to run down a pedestrian because it is larger and stronger": Geiger v. Garrett, 270 Pa. 192.

Defendant is entitled to a reversal of the judgment for Helen Boyle because the damages thus awarded are grossly excessive: Goldman v. Mitchell-Fletcher Co., 285 Pa. 116; Gail v. Phila., 273 Pa. 275.

The court below erred in permitting three physicians, called by plaintiff as experts, to testify to the probable effects of plaintiff's alleged injury without basing it on the essential foundation of a hypothetical question or a stated portion of sworn testimony: Howarth v. Express Co., 269 Pa. 280; Rouch v. Zehring, 59 Pa. 74; McCrosson v. Transit Co., 283 Pa. 492.

*George C. Klauder,* for appellee.—There can be no recovery for injury resulting from fright, or a nervous shock, unaccompanied by physical injury: Howarth v. Express Co., 269 Pa. 280.

Since there were serious physical injuries, the 3d point of defendant above referred to became immaterial and not relevant to the case.

The verdict was not excessive: Quigley v. R. R., 210 Pa. 162; Dunlap v. Ry., 247 Pa. 230; Johnson v. R. R., 278 Pa. 491.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:

Julia Boyle for herself and on behalf of her minor daughter, Helen Boyle, sued to recover compensation for injuries received by the latter, caused by being struck by one of defendant's trolley cars, at the corner of Kingsessing Avenue and 49th Street in the City of Philadelphia. The minor plaintiff boarded one of defendant's cars each week day morning at the corner named on the way to her daily employment. At that point defendant's double track railway runs north and south on 49th Street, and as plaintiff stepped from the sidewalk on the west side of that street, at the crossing place custo-

marily used by pedestrians to cross to the opposite side of the street, and there take the car, she noticed a north-bound car, the one she intended taking, approaching at a distance of 250 feet west of the Kingsessing Avenue stop, she proceeded to cross the street, passing over the cartway, the south-bound track, the "dummy," and was in the act of stepping over the last rail of the north-bound track to the east cartway, when struck by the right front end of the car, knocked to the ground, rendered unconscious and quite seriously injured. A verdict was returned in favor of the mother for $500, and the minor daughter for $16,000. The latter amount the court below subsequently reduced to $11,500 and, upon acceptance of the reduced sum by plaintiffs, a motion for judgment n. o. v. for defendant and a new trial were refused. Defendant appealed.

At the argument appellant conceded plaintiff's contributory negligence was for the jury, and to sustain its motion for judgment non obstante veredicto relied solely on its contention that the evidence was insufficient to warrant the jury in finding the motorman negligent in approaching the crossing.

The negligence alleged on the part of the motorman was that he failed to bring the speed of the car within the five-mile speed limit required at intersecting streets by an ordinance of the city, that the car ran beyond the usual stopping place and across the footway used by pedestrians, and failure to give warning of the car approaching.

As to the latter charge of negligence, plaintiff admitted she watched the car coming toward her, consequently the motorman's failure to give warning by sounding the gong, was not the proximate cause of the accident and that exception need not be considered. Evidence on behalf of plaintiff was that the car approached at "full speed," and failed to slow up as it neared the crossing. Although it came to a standstill, the stop was made only after it had struck plaintiff and had passed

half its length beyond the point of collision. This raised a question whether or not a stop was made at the proper place, and, if not, if such failure was owing to the car's excessive speed, or whether the motorman failed to have it under proper control. Counsel concede the intersection of 49th Street and Kingsessing Avenue was a regular stopping point for passengers, there being a stop sign on each side of the street. Inasmuch as plaintiff was crossing at the usual place used by pedestrians, had a safety stop been made as required by the ordinance referred to, before the front end of the car reached the footway, this accident would have been avoided. The fact that the car struck plaintiff and ran beyond the crossing point, indicates either a failure to comply with the ordinance or that due care was not used in approaching the crossing; these questions were for the jury and properly submitted. If the car was running at a speed not considered excessive, as argued by defendant, we find no explanation for its failure to stop before passing beyond the footway used by pedestrians, and as the motorman had full view of plaintiff, and saw or should have seen existing conditions at the crossing, the jury may properly have inferred he was not using the car as the circumstances demanded of him.

Exception was taken by defendant to the refusal of the trial judge to affirm its point for instruction to the effect there could be no recovery for bodily or mental suffering following or resulting from fright not connected with physical injury. While the point, viewed as an abstract principle of law, was correct, yet it was not error to refuse to affirm it in this case, owing to evidence of bodily injury from which the nervous condition plaintiff was suffering could have resulted.

Appellant also complains of the trial judge's explanation of the difference between subjective and objective symptoms of bodily ailments, in charging that "subjective symptoms are just as important as objective, even though you cannot see them." Appellant admitted

plaintiff was entitled to compensation even though her symptoms were subjective only, and ascertainable entirely through her statements, contending, however, the remark was calculated to lead the jury to infer equal credit should be given to statements made by plaintiff as to her sensations, whether real or imaginary, as to the symptoms visible to the doctors, consequently this language failed to permit the jury to take into account the credibility of plaintiff. This contention cannot be sustained as it appears that, following the language complained of, the trial judge clearly instructed the jury that if they believed plaintiff suffered in the way stated by her, they should take that condition into consideration with the other evidence in assessing damages. In other words, the trial judge did not take from the jury the question of the credibility of plaintiff in answering the questions of her physician, and, considered as a whole, no reversible error appears.

Complaint is also made of a statement by the trial judge that "a pedestrian has no more right to rush in front of a moving trolley car, unless she thinks she can get to a place of safety, than a trolley car has to run down a pedestrian because it is larger and stronger." Standing alone this language would probably have a tendency to mislead, and permit the jury to adopt as the criterion of negligence whether plaintiff was under the impression she could safely pass in front of the car. Manifestly the language was used merely by way of illustration, without particular application to the facts of the case. Plaintiff was not attempting to cross the tracks ahead of an advancing car she had no reason to believe would stop before reaching the crossing, on the contrary she was justified, under all the facts, in assuming the car would stop at the regular stopping place, consequently no occasion existed for "rushing" across to avoid it. While the court might have employed a more effective illustration, the use of the language objected to is insufficient ground for reversal.

As to the amount of the verdict, the jury awarded $16,000, which was reduced by the court to $11,500. While plaintiff proved no permanent bodily injuries or disfigurement, and had to a considerable extent recovered from the effects of the accident at the time of the trial, the testimony of physicians was to the effect she was suffering from a functional condition of the nervous system known as psychoneurosis, a disease similar to that in recent years frequently described as "shell shock," which the physicians testified was the result of the accident and that persons afflicted as plaintiff is "Sometimes they get well for a while and relapse, so they are an uncertain proposition." Under the circumstances the verdict as reduced is not so excessive as to require interference on our part.

The only other question discussed relates to the testimony of one of plaintiff's physicians, who testified his diagnosis was that plaintiff suffered from a functional condition of her nervous system, and upon being asked whether he was able to form an opinion as to the cause of the nervous disturbance, upon objection made and overruled, stated: "I have to take a history always in order to determine any cause. From the history I should say that her condition was due to a trauma, to a physical trauma, possibly a fright combined with it," and on further inquiry as to the cause, said: "It was the blow which she received or told me she received, and the bruises she had as evidence of a blow." Appellant argues this permitted the witness to testify to his conclusion based on hearsay evidence rather than on facts testified to in the trial and assumed for the purpose of the question to be true, contrary to the rule stated in Howarth v. Adams Express Co., 269 Pa. 280. In that case, however, the testimony held to be erroneously received was the opinion of a physician that "from the history of the case and the testimony I have heard, I should say this condition was due to the accident"; there the reason for the conclusion of the court was based on

the fact that the expert was thus permitted to express an opinion, not on something the evidence tended to establish, but on what some one told him, without indicating its nature or by whom communicated. In the present case the physician was merely testifying to the condition of the patient and his diagnosis of her ailment based on answers made by her to his questions. The diagnosis was thus made on the combined evidence of information received from his patient, corroborated by perceptible body marks, such as bruises on various parts of the body, etc., which she said were the result of the accident. It was not denied the car struck her and that bodily injury was inflicted as a result of the collision. While a physician should not be permitted to testify to or base his opinion upon hearsay evidence, not before the jury (Howarth v. Adams Express Co., supra) or testify to declarations of the patient as to the cause of the injury (Eby v. Travelers Insurance Co., 258 Pa. 525, 535, 536), he may testify to statements made by the patient relating to conditions, symptoms, sensations and feelings made for the purpose of receiving medical advice (Eby v. Travelers Insurance Co., supra, page 534) ; such being the case here, it necessarily follows the opinion of the physician, based on information of that description is competent. The fact that plaintiff stated she received a blow, as evidenced by the bruises which served to corroborate her statement, was properly received as forming the basis of the opinion of the physician.

The judgment is affirmed.