Fisher *v.* Pomeroy's, Inc., Appellant.

Argued April 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

390

*Chas. E. Berger,* for appellant.

*Vincent J. Dalton,* for appellee.

OPINION BY MR. JUSTICE LINN, May 25, 1936:

The appellant-defendant conducts a department store in the City of Reading. The plaintiff was a customer. In descending a stairway on November 9, 1928, she caught her heel in the corrugations of a metal tread on the third step from the bottom, fell and sustained serious injury. While a verdict for either party would find ample support in the printed evidence, the jury, in reaching its verdict for plaintiff, may have concluded, as they had the power to conclude, that the metal tread had been worn to such extent that, notwithstanding the exercise of care, one's heel might be caught by the edge of the corrugation; that the condition had become dangerous and evidenced lack of that reasonable care required of defendant for customers invited into the store.

Plaintiff described the occurrence and called witnesses who testified that they had sustained injury at the same place; employees of the defendant testified that they had been notified of other instances of injury during the period from August, 1928, to March, 1930, while the stairway remained in the same condition.

Appellant contends that there was error in not excluding the testimony of other occurrences. In receiving evidence, much must be left to the discretion of the trial judge who should see that the real issue is kept clearly before the jury without unnecessary confusion or other interference with a fair trial. The plaintiff undertook to show that defendant maintained a dangerous stair-

way which caused her injury. But that would give her no right of action unless defendant also knew that the condition existed; the defendant is not an insurer of the safety of its customers, but is liable only for breach of duty. The evidence complained of showed that a condition, capable of causing injury, existed and that defendant knew of it. "The purpose is merely to show the nature of the machine or the place, as having a tendency to produce such human injuries; just as copper acids may have a tendency to destroy herbage or strychnia a tendency to produce convulsions. If it can be shown what that tendency is, it may then be possible to show that the maintenance of a place or machine of that tendency—i. e. likely to cause such harm—is negligence. But this additional conclusion is not necessarily involved in the evidential purpose, which seeks simply the illustration of the nature of the thing or the place by its observed effects": *Wigmore, Evidence,* volume 1, section 458, page 556. The evidence of previous and subsequent falls at the same place is not, alone, proof of negligence, but is to be considered by the jury with the fact that defendant maintained a store to which it invited customers; from all the evidence the jury must determine whether the defendant exercised reasonable care or not. See also *Muller v. Kirschbaum,* 298 Pa. 560, 565, 148 A. 851; *Potter v. Natural Gas Co.,* 183 Pa. 575, 590, 39 A. 7; *Baker v. Hagey,* 177 Pa. 128, 35 A. 705; *Hancock Ice Co. v. Perkiomen R. R. Co.,* 231 Pa. 117, 80 A. 63. Defendant recognized this purpose, for it offered evidence from which the jury might have found that a very large number of people used the stairway without injury.

Each step was 11 inches wide; the metal tread extended from the edge of the step inward toward the riser for a distance of 7 inches. The tread was corrugated, the ridges extending from one end of the step to the other, giving the appearance of a series of parallel bars or strips. Between each two corrugations or bars

was a space of ⅜ inch at the top sloping inward until at the bottom (⅛ inch deep) the width was ¼ inch. The steps had been worn by much use. Defendant introduced evidence that this type of tread was used in other department stores and in public places and complains that the court refused to affirm a point of charge to the effect that "The defendant . . . has disproved the charge of negligence made against it . . . by showing that the methods and appliances used by it were those ordinarily employed in the business in which it was engaged. . . ." It was in substance a request for binding instructions on the whole case, which could not have been given; the evidence was oral and the question was for the jury: *Title Guaranty Co. v. Barone,* 319 Pa. 499, 181 A. 765; *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523. Nor is there any merit in the complaint that the court refused a point concerning the shifting of the burden of going forward with evidence "to the plaintiff by the defendant's testimony that the methods and appliances employed by it on its stairway were such as are ordinarily used in the business in which it was engaged, as a means of securing safety of customers." But a finding that others used the same kind of appliances would not be conclusive proof of the absence of negligence: *MacDougall v. Pa. Power & L. Co.,* 311 Pa. 387, 396, 166 A. 589. The evidence had all been received. An issue was raised and it was for the jury to deal with it. The burden of proof that the injury resulted from defendant's breach of duty was of course on the plaintiff and so the jury was instructed, but the jury was entitled to reach its ultimate conclusion on a consideration of the whole evidence without regard to which side called the witnesses.

Complaint is also made that there was error in the consideration given to the plaintiff's claim for resulting shock. There is no doubt about her physical injury; she was a woman of some fifty years of age; she had a broken leg and a double hernia besides other less serious

injuries. The physician who treated her testified that
there was necessarily involved in and directly resulting
from the injury serious shock to the nervous system. It
would have been error to charge that the jury could not
consider that. In the course of the charge the learned
trial judge said: ". . . where it [the nervous shock]
is the direct and necessary consequence of the physical
injury the jury may consider it in fixing the amount of
damages." See *Samarra v. Allegheny Valley St. Ry. Co.,*
238 Pa. 469, 86 A. 287.

Appellant also complains that the jury was permitted
to consider claims for expenses incurred by the plaintiff.
The jury was instructed that any sum included in the
verdict as reimbursement for expenses required to be
paid by plaintiff must be based not on what the plain-
tiff said she would pay to the persons employed but must
be limited to what the jury would consider reasonable
in the circumstances. The charge included the follow-
ing: "The reasonableness of the charges must be deter-
mined not only from the direct evidence but from the
character of the injury and of the medical services and
treatment as shown by the evidence in the case. There-
fore, it is for you to say whether this bill of $300 of Dr.
Heim and Dr. Biddle is reasonable; whether the bill of
the Milliken Hospital, of $252.50, for the period of time
from November 11, 1928, to the first of January, 1929,
is reasonable; whether the bill of $520 for nursing for
a period of one year by the sister of Mrs. Fisher, under
the evidence, is reasonable and was necessary, and
whether the bills of $360 of Mrs. Deibert and Mrs. Daw-
son—$180 apiece—were reasonable and necessary under
all the evidence in the case. Those are the questions that
you must determine as you approach the matter of these
bills."

Another complaint is that the court refused to charge
that it is not uncommon for people to fall on stairs;
there would perhaps have been no harm in affirming the
point but there was no harm in refusing it; if it is com-

mon the jury knew it without instruction and there was nothing in this case which required it to be emphasized.

The judgment is affirmed.