Zelinsky et ux., Appellants, *v.* Chimics.

Argued September 18, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before MCCREADY, P. J.

*Howard R. Moore, Jr.,* with him *Martin H. Philip,* for appellants.

*William H. Bayer,* for appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

These are appeals from final judgment in favor of the appellants which was entered after appellants' motion for new trial limited only to the question of damages, or in the alternative, a new trial, was overruled.

Appellants, Walter Zelinsky and his wife, Ann Zelinsky, instituted an action in trespass against George Chimics, Sr. for personal injuries and property damage to the husband's automobile. The action arose out of a collision between the husband's automobile and an automobile owned and operated by appellee. On the appellee's motion the plaintiff-husband was joined with him as an additional defendant.

At the time of the accident, appellants were proceeding on a through highway at a speed of 30 miles per hour and appellee was traveling on a stop street. Appellee's right front bumper and fender collided with

the right side of the husband's car, the force of the impact pushing the car to the left. The cost of repairs to the husband's car was $204.94.

The investigating officer testified that immediately after the accident Mr. Zelinsky was "well shook up". Mr. Zelinsky testified that there were no cuts on his body as a result of the accident and he "wasn't physically hurt"; that he missed a week from work immediately after the accident; that two months after the accident he quit his job because he couldn't keep his mind on his work and was worried about his family; that between the accident and October, 1957 he held five or six different jobs because he could not keep his mind on his work.

Mr. Zelinsky saw three doctors concerning his condition and was an inpatient in the hospital for twelve days in July, 1957 where he received eight shock treatments. He had no mental difficulties prior to the accident; had been a staff sergeant in the army and an employe of Bethlehem Steel for three years.

Dr. Grynkewich, appellant's expert witness, testified that in his opinion the husband-appellant was suffering from neurosis in the form of a depressive reaction. The court did not permit Dr. Grynkewich to state that the cause of the neurosis was the accident in question on the grounds that he had not seen the patient professionally before the accident.

As to Mrs. Zelinsky, she testified that immediately after the accident she blacked out, that as a result she became very nervous from shock and fright, and saw a doctor that night and the next day. She further testified that she did not sustain any physical injuries in the accident other than the nervous condition.

The lower court sustained appellee's demurrer to the appellant's claim for damages other than for the damage to the husband's automobile. The jury re-

turned a verdict in appellants' favor for this property damage, $204.94 plus 6% compensation for detention.

The principal issue raised in this case is whether damages can be recovered for claimed emotional distress, alleged to have been caused by an automobile accident, when no physical injuries have been sustained in the accident.

It had been a long established rule in Pennsylvania that there can be no recovery of damages for injuries resulting from fright or nervous shock or mental or emotional disturbance or distress unless they are accompanied by physical injury. *Koplin v. Louis K. Liggett Company*, 322 Pa. 333, 185 A. 744; *Boyle v. Philadelphia Rapid Transit Co.*, 286 Pa. 536, 134 A. 446; *Hess v. American Pipe Manufacturing Company*, 221 Pa. 67, 70 A. 294; *Menaker v. Supplee-Wills-Jones Milk Company*, 125 Pa. Superior Ct. 76, 189 A. 714.

The early cases in which mental suffering was considered as an element of damages were those in which the suffering had been caused by a sense of peril because of the injury or was incident to the physical pain. *The Pennsylvania and Ohio Canal Co. v. Graham*, 63 Pa. 290.

Mere fright or emotional distress, occasioned by an accident but unaccompanied by any bodily injury, was held to be too remote to be actionable. *Ewing v. Pittsburgh C. & St. L. Ry. Co.*, 147 Pa. 40, 23 A. 340.

In *Morris v. Lackawanna & Wyoming Valley Railroad Company*, 228 Pa. 198, 77 A. 445, plaintiff claimed damage for a miscarriage resulting from a nervous shock occasioned by the electric car in which she was riding bumping over the track at an open switch. In that case, somewhat similar in fact to the instant case, recovery was denied under the strict rule which was being enforced at that time.

An extenuating development of this rule was expressed in *Howarth v. Adams Express Co.*, 269 Pa. 280,

112 A. 536, where there were no visible external injuries to the plaintiff; however, upon the testimony of the plaintiff and her physicians that there was an actual injury to her back, the Court held that while recovery should not be sustained upon dubious evidence of a physical injury, it cannot be affirmed as a matter of law that the physical injury must be externally visible.

In *Samarra v. Allegheny Valley Street Railway Company,* 238 Pa. 469, 86 A. 287, after being thrown to the floor of a streetcar which had become derailed, the plaintiff sought damages for a claimed resulting neuritis condition. Although the defendant argued that there was no physical injury the Court held that the plaintiff's testimony as to the immediate occurrence of her sufferings following the accident, supported by the testimony of her physician, established a prima facie case.

In *Potere v. Philadelphia,* 380 Pa. 581, 112 A. 2d 100, it was held that even though the physical injuries which were sustained were trivial and minor in character but which were accompanied by fright or mental suffering directly traceable to the peril, the plaintiff's mental suffering was a legitimate element of damages. The Court went on to say that in the absence of physical injury or impact, mental or emotional distress is not the subject of legal redress. It is to be noted that the Court did not limit recovery for mental distress to cases where there was physical injury but by the inclusion of the words "physical impact" slightly broadened the rule.

In *Hess v. Philadelphia Transportation Company,* 358 Pa. 144, 56 A. 2d 89, where plaintiff claimed damages for a psycho-neurosis which followed an electric shock caused by an electric wire falling on his automobile, and where two doctors testified that there was no physical evidence of injury, no organic injury, and

that the plaintiff was suffering from an intense psycho-neurosis attributed to fright, the Court held that the jury by its verdict decided that the plaintiff suffered a physical impact, that is an electric shock, which would justify damages for mental distress or fright resulting therefrom.

In *Bosley v. Andrews,* 393 Pa. 161, 142 A. 2d 263, where a bull owned by the defendant attacked plaintiff, coming within fifteen feet of touching her causing her to suffer a heart attack, the Court refused to allow recovery because the bull had not actually touched the plaintiff. It is apparent from the *Bosley* case and the *Potere* case (supra) that if a plaintiff receives physical injury or physical impact in any degree, no matter how slight, he is entitled to recover for fright or emotional distress. The rule is stated alternatively and not conjunctively as concluded by the lower court. If the words "physical injury or physical impact" are to be taken conjunctively, then the latter part of the phrase is redundant and a mere surplusage. It is our opinion that the cases above cited have clearly established physical impact to be sufficient so as to allow recovery regardless of whether there is any physical injury manifested.

We are of the opinion that *Bosley v. Andrews* (supra), implies that if there had been any physical impact whatsoever caused by the charging bull, liability would not have been denied. As stated by Judge ERVIN when this case was before the Superior Court, 184 Pa. Superior Ct. 396, 412, 135 A. 2d 101, 109:

"There can be no doubt that the plaintiff could have recovered if the bull had caught up with her and had butted her, even gently, and there can be no doubt that she would have recovered, not merely for the bruises resulting from being gently butted, but also for any heart condition which resulted from her emotional excitement. . . ."

Justice MUSMANNO, dissenting in the Bosley case, sets forth situations where a person could be gravely injured by a trespassing force which in no way physically touched him:

"For instance, the violent displacement of air caused by an explosion negligently performed could deafen a passerby who would most assuredly be entitled to recover from the trespasser even though he could show no outer lesion on his person. . . .

"The blinding light of an explosion improperly managed could ruin the eyesight of one fortuitously in the area. . . ."

In Bosley v. Andrews the Supreme Court enunciates the purpose of the rule requiring physical injury or physical impact is to prevent "illusory or imaginative or 'faked'" claims. However, where it is definitely established that injury and suffering were approximately caused by an act of negligence, and any degree of physical impact, however slight, can be shown, the general rule is no longer applicable and recovery for such injuries and suffering is a matter for the jury's determination.

In the present case there can be no doubt that there was an impact. Husband-appellant's and appellee's motor vehicle collided, causing property damage to Mr. Zelinsky's car amounting to $204.94, and impelling it to the other side of the highway where it was finally brought to a stop 500 feet from the point of contact. The impact jarred the husband-appellant, shook him up as he testified, or jostled him as noted by the lower court. We are of the opinion that jarring and jostling caused by the collision of motor vehicles can reasonably be said to be physical impact within the meaning of the rule of the Bosley and Potere cases (supra).

Therefore, the lower court erred in failing to permit the appellant's expert witness, a doctor, to testify in accordance with their offer of proof that the cause

of husband-appellant's depressive reaction was the collision, and in limiting their recovery to the property damage. On the same reasoning the wife-plaintiff should also be allowed to establish her claim for emotional suffering as a result of the accident since she was jostled and jarred in similar fashion.

Judgment reversed and remanded for a new trial generally.