513 A.2d 419

**George Thomas STODDARD, Appellant**

v.

**Robert J. DAVIDSON.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1986.

Filed July 25, 1986.

Edward E. Kopko, Assistant District Attorney, Pottsville, for appellant.

John B. Lieberman, III, Mahanoy City, for appellee.

Before BROSKY, JOHNSON and LIPEZ, JJ.

BROSKY, Judge:

This appeal is from an order sustaining preliminary objections in the nature of a demurrer and dismissing appellant's complaint. The causes of action thus dismissed were for intentional and negligent infliction of emotional distress. We hold that the dismissal of the negligent infliction claim was in error and, accordingly, reverse as to that portion of the order and affirm as to the dismissal of the intentional infliction claim.

*Facts*

From the complaint it appears that on January 15, 1984 at approximately 2:30 a.m. appellant was driving in a rural area when his automobile rode over the corpse of Sharon Wascavage which was lying in the middle of his lane of the highway. Appellant was detained at the scene by the police for approximately three and one half hours.

Appellant avers that appellee had struck Sharon Wascavage with his vehicle while she was walking on the highway, route 209. Appellant further avers that after appellee had hit Ms. Wascavage, appellee intentionally left the scene of the accident, not making any attempt to remove the body from the road. As a result, appellant later ran over the corpse and was detained by the police. Appellant claims that as a result he suffered severe emotional distress, which is the basis of his complaint. Appellant contends that the preliminary objections in the nature of a demurrer should not have been sustained by the trial court.

*Analysis*

■ A claim for infliction of emotional distress can be made in two ways. One method is showing that the defendant, through his negligence, was the proximate cause of the emotional injury to the plaintiff. The second method is by showing that the defendant acted intentionally or recklessly to cause the emotional injury to the plaintiff.

*Negligent Infliction*

■ Appellee argues that appellant is unable to maintain a cause of action based upon a theory of negligent infliction of emotional distress. He relies on *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979) in which relief was allowed for a person "outside the zone of danger." In that particular case the plaintiff was (1) a close family member, (2) located near the scene of the accident, and (3) the shock resulted from direct emotional impact from observing the accident. We agree with appellee's observation but not his conclusion. Appellant's case does not fit within the narrow confines of *Sinn;* however, we do not conclude that as a consequence of this that appellant is foreclosed from pursuing at trial an action for negligent infliction of emotional distress.

*Sinn v. Burd* involved a situation where the plaintiff was not within the zone of danger. In that case a mother sued on the basis of emotional distress that resulted from witnessing her daughter being run down by the defendant's vehicle. Subject to the three above-mentioned elements being satisfied, the Supreme Court allowed recovery.

*Sinn* was an exception to the rule laid down in *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970). Originally, a party had to allege a physical impact in order to properly aver a claim for negligent infliction. The *Niederman* Supreme Court said:

> We today choose to abandon the requirement of a physical impact as a precondition to recovery for damages proximately caused by the tort in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent

force against him and where plaintiff actually did fear the physical impact. Since appellant's complaint alleges facts which if proven will establish that the negligent force was aimed at him and put him in personal danger of physical impact, and that he actually did fear the force, this case must proceed to trial.

*Niederman,* supra, 436 Pa. at 413, 261 A.2d at 90.

It is this evolution of the law of which appellee has lost sight. To summarize, a cause of action for negligent infliction of emotional distress initially required a physical impact. That element was declared not essential in *Niederman* if the plaintiff was in the zone of danger. Finally, the plaintiffs presence within that zone was held to be not necessary subject to the presence of *Sinn's* three elements. *Niederman* and *Sinn* are, thus, two alternate methods to establish a case for negligent infliction in the absence of physical impact. However, impact remains the basic means to plead the cause of action. *Potere v. City of Philadelphia,* 380 Pa. 581, 589, 112 A.2d 100, 104 (1955). If impact is averred, the requirements of either *Niederman* or *Sinn* simply are not necessary.

In the case before us there was a physical impact. Appellant's automobile impacted with the corpse of Sharon Wascavage. Although it is a gruesome thought, an automobile running over a corpse would cause the automobile to lurch and jostle or jar its occupants. This Court has held that the jostling and jarring of an automobile's occupants is enough physical impact to meet the physical impact element of a negligent infliction cause of action. *Zelinsky v. Chimics,* 196 Pa.Super. 312, 175 A.2d 351 (1961). It is this impact which takes the instant case out of the requirements of *Sinn* or *Niederman.* Therefore, plaintiff need not rely upon the doctrine laid down in *Sinn* or upon the rule in *Niederman,* nor need he meet the elements of *Sinn* or *Niederman.*

In *Zelinsky* two vehicles—plaintiff's and defendant's—struck each other and thus the physical impact was substantially contemporaneous with the defendant's negligent act

and resulted in the defendant striking the plaintiff. This will be the usual fact pattern; it is not, however, the only possible scenario. It is also possible that defendant's negligence will proximately cause an impact to occur at a later time and that the impact will not be with the defendant himself. Under traditional rules of negligence law this would also support a cause of action in negligence. This result is not changed by the fact that the particular claim is for infliction of emotional distress through negligence, rather than another type of negligence claim.

■ In *Potere,* supra, the city negligently maintained a water line which leaked water into an underground tunnel dug by a contractor which caused subsidence and a cave-in of the road while plaintiff was driving a truck on it. One of plaintiff's claims was for negligent infliction of emotional distress. In *Potere* as here, the impact was not directly with the defendant, nor did it occur simultaneously with the negligent act. However, as long as the plaintiff's suffering or mental fright is "directly traceable to the peril in which the defendant's negligence placed the plaintiff, then mental suffering is a legitimate element of damages." *Potere v. City of Philadelphia,* supra, 380 Pa. at 589, 112 A.2d at 104.

The order dismissing the negligent infliction of emotional distress complaint is, accordingly, reversed.

*Intentional Infliction*

■ Appellee contends that appellant's intentional infliction complaint was properly dismissed because appellee's "extreme and outrageous conduct was not directed toward George Thomas Stoddard [appellant] but rather to the now deceased pedestrian, Sharon Wascavage." While that assertion is true, it would not, of itself, result in appellee prevailing. The pertinent law is Section 46(2) of the Restatement (Second of Torts).[1]

1. The first paragraph of that section provides:
   § 46. Outrageous Conduct Causing Severe Emotional Distress
   (1) One who by extreme and outrageous conduct intentionally or *recklessly* causes severe emotional distress to another is subject to

§ 46. Outrageous Conduct Causing Severe Emotional Distress.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

    (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

    (b) to any other person who is present at the time, if such distress results in bodily harm.

Appellant is not a member of Sharon Wascavage's family, as compliance with (2)(a) would require; nor was appellant "present at the time" when appellee's vehicle struck her down and she was left on the road, as compliance with (2)(b) would require. The facts of this case cannot, therefore, be the basis for relief under Restatement § 46. That being so, the trial court correctly dismissed appellant's complaint for intentional infliction of emotional distress.

The order dismissing the negligent infliction of emotional distress complaint is reversed. The order dismissing the intentional infliction of emotional distress complaint is affirmed. The case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

LIPEZ, J., concurs in the result.

JOHNSON, J., files a dissenting opinion.

liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

While its terms, viewed in isolation, would appear to be met under the facts of this case, they should not be considered here. Since paragraph (2) deals with behavior directed at a party other than the plaintiff, and that is the circumstance here, consideration of paragraph one is preempted, even though facially appropriate.

Pennsylvania has adopted the Restatement (Second) of Torts, § 46 position. See: *Bartanus v. Lis,* 332 Pa.Super. 48, 480 A.2d 1178 (1984); *Banyas v. Lower Bucks Hospital,* 293 Pa.Super. 122, 437 A.2d 1236 (1981); *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 262 Pa.Super. 331, 396 A.2d 780 (1978).

JOHNSON, Judge, dissenting:

Since I believe that the complaint under review on this appeal fails to set forth a viable cause of action in either intentional or negligent infliction of emotional distress, I must dissent.

The material paragraphs of plaintiff's single-count complaint set forth the following:

3. On or about January 15, 1984, at approximately 2:30 a.m., the Plaintiff was proceeding from Hazelton, Luzerne County, Pennsylvania, to Minersville, Schuylkill County, Pennsylvania, on Pennsylvania Route 209 and was proceeding in a southerly direction approximately one mile north of Tuscarora, Schuylkill County, Pennsylvania.

4. At the aforesaid time, Plaintiff was driving a Monte Carlo motor vehicle of which his parents are the owners and Plaintiff was proceeding at a reasonable rate of speed and had his headlights on.

5. At the aforesaid date and time, the Plaintiff suddenly, and without warning, came upon the corpse of Sharon Wascavage, which corpse was situate in the middle of the south bound lane of the aforesaid Route 209.

6. At the aforesaid date and time, the Plaintiff's car struck the corpse of the aforesaid Sharon Wascavage.

7. The Plaintiff was detained by Schuylkill Township Police at the scene of the accident for approximately three and one-half hours during which time he was forced to hold a cover over the corpse of the deceased Sharon Wascavage.

8. Plaintiff therefore avers that the Defendant, Robert J. Davidson, had previously struck Sharon Wascavage while she was walking down Route 209 and after striking said Sharon Wascavage intentionally left the scene of the accident and did not make any attempt to remove the body of Sharon Wascavage from Route 209.

9. The conduct of the Defendant in striking another human being with his car and not stopping to inquire as to the injury which resulted therefrom and allowing the deceased body which he struck to lie in the middle of Route 209 goes beyond all possible bounds of decency, and in such, would be regarded as atrocious and utterly intolerable in a civilized community.

10. The acts of the Defendant, as aforesaid, were the direct cause of the Plaintiff striking the corpse.

11. As a result of the acts of the Defendant, the Plaintiff has suffered emotional distress, including grief, shame, humiliation, embarrassment, anger and chagrin to such degree that no reasonable person could be expected to endure the same.

12. The acts of the Defendant were the approximate [sic] cause of the emotional injury to the Plaintiff.

Preliminary objections, limited to a demurrer, were presumably filed by the defendant. Although the preliminary objections are not included in the original record, and are not listed on the certified copy of docket entries as having ever been filed, the order from which this appeal has been brought purports to sustain the objections and dismiss the complaint. I therefore will treat them as being before us for purposes of disposing of this appeal.

The proper review of this case is made difficult in that the defendant set forth three separate grounds for dismissal in his objections: Defendant urged upon the trial court the contentions that the complaint failed to set forth a valid cause of action for (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; and (3) mistreatment of the body of a dead person. In filing its order sustaining the demurrer, the trial court stated:

The Court finds that, even taking every averment of the Complaint as admitted for purposes of deciding the demurrer, the Complaint fails to set forth a cause of action against the Defendant on the grounds stated in the demurrer.

The original record includes a handwritten note of "MT" dated 10/28/85 which sets forth, in part, "The judge is using his Order of August 13, 1985 in lieu of a formal opinion." We thus do not have the benefit of the trial court's reasoning, nor can we clearly ascertain whether the trial court gave separate consideration to each of the defendant's asserted grounds for relief.

Plaintiff, in his Brief for Appellant, makes reference to the cause of action, mistreatment of the body of a dead person, *id.* at 7, which cause is first expressly referred to in the preliminary objections. However, I do not understand the averments of the complaint to adequately raise this claim, nor does Plaintiff seem to seriously urge this point in his brief. I, therefore, conclude that discussion is not necessary on whether the plaintiff now before us can recover under this theory. *See Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970) (allowing recovery for emotional distress resulting from the mishandling of a body of a deceased relative).

Turning then to the remaining issues, my review of the averments in the complaint, as clarified by the Brief for Appellant, leads me to the conclusion that the demurrer was properly sustained as to both intentional and negligent infliction of emotional distress. Plaintiff frames the issue, in his Brief before this Court, in the following manner:

## III. STATEMENT OF THE QUESTION

Is a motorist who strikes and kills a pedestrian, and then intentionally leave[s] the scene of the accident without stopping liable for emotional distress caused to a later driver who runs over the corpse lying on the road *and thereby suffers emotional distress by virtue of having to stand by the corpse.*

## IV. SUMMARY OF ARGUMENT

Appellant Stoddard submits that he has a viable cause of action against Appellee Davidson for the intentional or

negligent infliction of emotional distress and that to hold as the lower court did that as such cause exists is erroneous.

Brief for Appellant at 2. (emphasis added).

The supreme court of this Commonwealth has set forth the guidelines which we are to follow in reviewing an order which sustains preliminary objections in the nature of a demurrer and dismisses a complaint. The court stated that:

It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bignan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

*Sinn v. Burd*, 486 Pa. 146, 149–50, 404 A.2d 672, 673–74 (1979).

In reviewing the averments of fact in the complaint set forth above, it appears that plaintiff was proceeding, at 2:30 A.M., along state Route 209 at a reasonable rate of speed with his headlights on. He "came upon" the corpse lying in the middle of his lane of travel. His car struck the corpse. He was thereafter detained by the township police for a period of 3½ hours during which time he was forced, *by the police*, to hold a cover over the corpse.

The defendant had previously struck a female walking along Route 209 and intentionally left the scene of the accident. The defendant made no attempt to remove from the roadway the body of the person struck by his vehicle. The Complaint does not allege whether Sharon Wascavage

was merely injured, or dead, at the time the defendant drove away from the accident scene.

The complaint goes on, in paragraphs 10 through 12 to allege that the defendant's acts were: (a) the direct cause of plaintiff striking the corpse, (b) resulted in plaintiff suffering emotional distress, and (c) were the proximate cause of plaintiff's alleged emotional injury. I do not believe the allegations of this complaint set forth a cause of action for negligent infliction of emotional distress.

I am in agreement with Judge Brosky's summary of the state of the law in Pennsylvania regarding a cause of action for negligent infliction of emotional distress. I disagree with this application of the law to the facts of this case.

The courts of this Commonwealth have not analyzed the concept of negligent infliction of emotional distress in an entirely consistent fashion. The exact elements which need to be alleged in order to set forth the cause of action seem to be subject to change. I do agree with Judge Brosky, however, that originally, the impact rule was the law in Pennsylvania. A plaintiff had to aver a physical impact in order to set forth a claim for negligent infliction of emotional distress. *Potere v. City of Philadelphia*, 380 Pa. 581, 112 A.2d 100 (1955). Two exceptions to the impact rule were established. In *Niederman v. Brosky*, 436 Pa. 401, 261 A.2d 84 (1970) the Pennsylvania Supreme Court abandoned the requirement of physical impact where (1) the plaintiff was in personal danger of physical impact because a negligent force was directed against him and (2) the plaintiff actually feared the physical impact. *Id.*, 436 Pa. at 413, 261 A.2d at 90. In *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979) the court found that the plaintiff may be able to recover in the absence of physical impact and when outside the zone of danger. The court looked at whether the injuries sustained by plaintiff were reasonably foreseeable. The court stated that:

> Where the bystander is a mother who witnessed the violent death of her small child and the emotional shock emanated directly from personal observation of the event,

we hold as a matter of law that the mental distress and its effects is a foreseeable injury.

*Id.,* 486 Pa. at 173, 404 A.2d at 686 (footnote omitted).

Judge Brosky finds that the case before us does not come within either the *Niederman* or *Sinn* exceptions to the impact rule. I agree. My learned colleague then finds that there was, in fact, a physical impact in this case, such that plaintiff can come within the impact rule. I disagree. The impact upon which Judge Brosky relies is the impact of plaintiff's automobile with the corpse of Sharon Wascavage. He considers the resultant jostling of the automobile's passenger to be a sufficient physical impact, based on the case of *Zelinsky v. Chimics,* 196 Pa.Super. 312, 175 A.2d 351 (1961). The jostling of passengers which occurred in *Zelinsky* resulted from the collision between the plaintiff's automobile and the defendant's automobile.

The physical impact in the case now before us was not the product of a direct impact between plaintiff's automobile with defendant's automobile. The impact was not contemporaneous with defendant's allegedly negligent act of striking Sharon Wascavage and leaving her corpse in the road. Rather, the impact occurred at a later point in time, when the alleged tortfeasor was no longer at the scene. I believe that in order to characterize the facts of this case as fitting within the traditional impact rule, plaintiff must allege a more contemporaneous impact with the defendant, his automobile, or some force set in motion by him.

The majority relies on *Potere* as an example of a case in which the impact was not directly with defendant, nor simultaneous with the negligent act. Potere sued the City of Philadelphia for personal injuries which he sustained when a city street collapsed causing the truck Potere was driving to fall into an underground tunnel. The cave-in was caused by the negligence of the city in permitting a waterline leak into the tunnel, and the negligence of the contractor in not taking additional safeguards after being apprised of the subsidence problem. The key difference between *Potere* and the case now before this Court is that the

defendant's negligence in *Potere* was continuous and uninterrupted until the time of the accident.

The court in *Potere* stated that:

where, as here, a plaintiff sustains bodily injuries, even though trivial or minor in character, which are accompanied by fright or mental suffering *directly traceable to the peril in which the defendant's negligence placed the plaintiff,* then mental suffering is a legitimate element of damages.

380 Pa. at 589, 112 A.2d at 104. (citations omitted) (emphasis added). Potere's emotional and physical injuries resulted from the defendant's ongoing negligence in not repairing the dangerous condition of the street. His injuries were directly traceable to this negligence and not to the acts of a third party. The plaintiff Stoddard on the other hand, characterizes his emotional injuries as resulting from his being forced to stand by the corpse. In this Statement of Question, *supra,* plaintiff represents that the question with which we are concerned is liability for emotional distress suffered "by virtue of having to stand by the corpse," *supra.* According to our appellate rules, ordinarily we are not to consider points which are not set forth in the statement of questions involved or suggested thereby. Pa.R. A.P. 2116. Mindful that emotional injuries resulting from standing by the corpse is the question which plaintiff asks this Court to address, I do not believe that his emotional distress can be characterized as actionable under the impact rule, even considering the *Potere* precedent.

Plaintiff's emotional injuries resulted from his holding the cover over the corpse and not from his "impact" with the corpse, or from any impact with defendant or defendant's automobile. Unlike *Potere,* I would not find this emotional distress to be directly traceable to the peril in which the defendant's negligence placed plaintiff.

Accordingly, I dissent from my learned colleague's conclusion that plaintiff has set forth a cause of action for negligent infliction of emotional distress under the impact

rule. I would affirm the trial court order of August 13, 1985 in all respects.