# Chittick *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Electrical explosion—Nervous shock—Proximate and remote cause.*

1. A street railway company owes to persons who are not its passengers or servants the duty of not so wantonly or recklessly, or negligently using its property as to cause injury to person or property. It is bound to know what the natural and probable consequence of its negligent act will be, and it will be answerable in damages for all injuries which ought to have been anticipated and which could have been provided against if the duty rested upon it to foresee such consequences, and it will not be liable in damages for an occurrence so far outside of usual experience and of such an extraordinary character that it could not have been anticipated as the natural and probable result of the negligent act complained of; and this rule certainly applies where the injuries sustained result from mental suffering, or from a severe nervous shock, or from fright, occasioned by the unusual occurrence.

2. In an action by a woman against a street railway company to recover damages for personal injuries, it appeared that at the time of the accident a motorman of the defendant negligently propelled his car so as to cause the trolley pole to strike a steel brace which was being raised into its place in the superstructure of an elevated railroad, with the result that the brace struck the trolley wire, causing a violent electrical explosion which was variously described by the witnesses as a ball of fire, a brilliant flash and a blinding light. The plaintiff was seated at the time near an open window of her dwelling house 200 or 300 feet distant, and was thrown, or in some manner fell from the chair to the floor. In the fall she received some bruises to her person, but these were of temporary character, and not serious. She was blinded temporarily by the brilliant electric flash, suffered pain in her eyes, followed by some impairment of vision, and nervous weakness. She testified that she saw a ball of fire which seemed to pass through the window at which she was sitting. As a matter of fact there was no ball of fire, nor was any current of electricity passed through the air, nor was any material substance set in motion by the explosion whereby the plaintiff was injured. *Held,*

that the plaintiff was not entitled to recover, and that judgment should have been entered against her in the court below.

Argued Jan. 14, 1909. Appeal, No. 239, Jan. T., 1908, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 3,808, on verdict for plaintiffs in case of Annie E. Chittick and John F. Chittick v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

Verdict and judgment for Annie E. Chittick for $1,500 and for John F. Chittick, her husband, for $1,200. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Russell Duane*, for appellant.— It being undisputed that such a result as the plaintiffs allege is unknown to science or practical experience, it is submitted that the defendant is not liable for a consequence which could not have been foreseen: Fox v. Borkey, 126 Pa. 164; Ewing v. Ry. Co., 147 Pa. 40; Huston v. Freemansburg Boro., 212 Pa. 548; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390; Wood v. Penna. R. R. Co., 177 Pa. 306; Miller v. Cohen, 173 Pa. 488.

The law cannot undertake to deal with mere theories, such as the effect, if any, of rays of light: Collins v. Gas Co., 131 Pa. 143.

*Robert B. Kelly*, for appellees.—The case at bar is similar to the recent case of Hess v. American Pipe Mfg. Co., 221 Pa. 67. See also Ewing v. Ry. Co., 147 Pa. 40; Huston v. Freemansburg Borough, 212 Pa. 548.

OPINION BY MR. JUSTICE ELKIN, March 8, 1909:

During the construction of the elevated railroad in West Philadelphia a steel brace, a necessary part of the superstruc-

ture, was being hoisted into position by the employees of the bridge company doing the work, when the trolley pole of a street railway car struck it with such force as to cause an electrical explosion by reason of the contact of the brace with the trolley wire. The negligence relied on to sustain a recovery is the failure of the motorman to stop his car after timely notice to do so in the face of an impending danger. The negligence of appellant in the respect charged is not denied, and if the injuries complained of resulted as a natural and probable consequence of the negligent act, which ought to have been foreseen and provided against, it would be a case for the jury. What occurred after the happening of the accident is of such an extraordinary character and the cause of the injuries of such an unusual nature that the facts must be briefly stated in order to have an intelligent understanding of the question raised by this appeal. When the trolley wire was forcibly brought into contact with the steel brace there was a brilliant flash of electricity, variously described by the witnesses as a ball of fire, a brilliant flash, a blinding light, and a powerful electrical flash of an explosive nature. A woman, one of the appellees here, was seated near an open window of her dwelling house 200 or 300 feet distant from the point at which the electrical manifestation occurred and was thrown, or in some manner fell, from her chair, to the floor. In the fall she received some bruises to her person, but these were of a temporary character and not serious. She was blinded temporarily by the brilliant electric flash, suffered pain in her eyes, followed by some impairment of vision and nervous weakness, and these are the injuries principally relied on to sustain this action for damages. It must now be determined whether upon such a state of facts appellant is answerable in law for injuries resulting from this unfortunate occurrence. The learned court below after patient and careful consideration submitted the case to the jury and upon more mature deliberation refused to enter judgment for defendant non obstante veredicto, although in arriving at that conclusion doubt was expressed as to the liability of the defendant under the circumstances. Whatever doubt there may have been in the mind of the learned trial

judge was resolved in favor of the plaintiffs, and the case is now here for final determination. At the beginning of our inquiry it may be remarked that the relation of common carrier and passenger, or of master and servant, did not exist between the parties, all of whom were in the enjoyment of their respective properties with the right to use and operate them in every lawful manner. The duty of each to the other was, not to so wantonly or recklessly or negligently, use her or its property as to cause injury to the person or property of the other. Did the appellant meet this measure of duty and did it do anything to make it liable for the injuries sustained? It was bound to know what the natural and probable consequences of its negligent act would be and would be answerable in damages for all injuries which ought to have been anticipated and which could have been provided against if the duty rested upon it to foresee such consequences. This is the crux of the case, and there are numerous decisions of this court bearing upon the question involved. In Pittsburg Southern Railway Company v. Taylor, 104 Pa. 306, it was held that the correct rule in determining proximate cause in this class of cases is that the injury must be such a natural and probable consequence of the alleged negligent act as might and ought to have been foreseen by the wrongdoer. This rule has been recognized and followed in many later cases. See West Mahanoy Township v. Watson, 112 Pa. 574; Fox v. Borkey, 126 Pa. 164; Ewing v. Railway Company, 147 Pa. 40; Linn v. Duquesne Borough, 204 Pa. 551; Huston v. Freemansburg Boro., 212 Pa. 548.

In some of our cases it has been pointed out that the trend of decision both in this country and in England is against the allowance for mental suffering, or nervous shock or fright as elements of damages, and when the injuries relied on to sustain a recovery flow from such causes the action cannot be maintained. There can be no doubt about the application of this principle in the trial of this class of cases under the authority of our decisions, and it must be considered a settled rule of law in our state. The only question to be now determined is whether under the facts of the case at bar this principle should be applied. If the injuries sustained resulted from mental suf-

fering, or from a severe nervous shock, or from fright, occasioned by the unusual occurrence, the rule certainly applies, and as we read the testimony no other conclusion can be reached. It is true that the injured appellee testified that she saw a ball of fire which seemed to pass through the window at which she was sitting, and as a result of that indescribable something which passed before her eyes she fell to the floor. This was an optical illusion. In point of fact there was no ball of fire and it could not have passed through the window. It is not seriously contended that there was a real ball of fire or that any actual physical injury was inflicted upon appellee by reason of any material force or substance coming in contact with her body. The window at which she was sitting was not broken nor was there any evidence of force or violence in or about the room or upon her person. The bruises she received resulted from her fall on the floor and were not occasioned by any material or other force prior to the fall. The electrical manifestation described as a ball of fire was not a real material substance but a flash of light reflected upon the retina of the eye, or it may have been produced by light and other rays set in motion by the flash and explosion resulting from the violent force with which the metal brace came in contact with the trolley wire. No current of electricity passed through the air, nor was any material substance set in motion, whereby injury to the person of appellee was done or could have resulted. To hold that this is anything but a case of nervous shock, or terrible fright, our eyes must be closed to the facts and our minds to an intelligent understanding of them. If the injuries resulted from the nervous shock, and of this there can be no doubt, there can be no recovery in this action without overruling many decided cases. As we read the testimony neither experience nor scientific research could have foreseen what happened in this case, and the consequences which followed the occurrence were of such an extraordinary character as could not have been anticipated by appellant as the natural and probable result of the negligent act. There is much in this case to indulge sympathetic inquiry and to suggest speculative theory, but a proper regard for the wholesome administration of law by the applica-

tion of settled principles requires this court to hold that there can be no recovery under the facts presented at the trial in the court below.

Judgment reversed and is here entered for defendant.