## Morris, Appellant, *v.* Lackawanna & Wyoming Valley Railroad Company.

*Negligence—Street railways—Damages—Nervous shock—Fright.*

1. The rule that there can be no recovery of damages for bodily or mental suffering resulting from fright unconnected with physical injury, applies where the relation of carrier and passenger exists.

2. The rule is applicable to a miscarriage resulting from a nervous shock to a woman occasioned by an electric car in which she was riding bumping over the track at an open switch.

Argued April 11, 1910. Appeal, No. 18, Jan. T., 1910, by plaintiffs, from judgment of C. P. Luzerne Co., Feb. T., 1907, No. 232, on verdict for defendant in case of James L. Morris and Mary M. Morris, his wife, v. The Lackawanna & Wyoming Valley Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERRIS, J.

At the trial it appeared that plaintiff claimed damages for a miscarriage caused by a nervous shock to which she was subjected while riding in one of defendant's electric cars.

The court charged in part as follows:

We are obliged to conclude that the case falls within the rule of law adopted in this state, that where fright alone, unaccompanied by physical violence or physical injury which also operated as a cause, results in pain and suffering, miscarriage let us say, because that is the case here, that the derailment of the car as shown in this case is not to be taken as the proximate or producing cause of the injury, of the suffering and pain which subsequently Mrs. Morris was compelled to undergo. And therefore we are of opinion, and so instruct you, that although the

company may have been, and under the evidence in this case, must have been charged with negligence, nevertheless that negligence in leaving the switch open, or in the motorman's not observing that it was open and stopping the car, that negligence cannot under the law as it is applied in this case, be said to be the proximate or producing cause of the miscarriage which this lady afterwards suffered, and that, therefore, your verdict must be for the defendant, and we so instruct you.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. B. Woodward*, of *Wheaton, Darling & Woodward*, for appellants.—The relation of common carrier and passenger existing, and the negligence of the carrier being established, it becomes a question for the jury to decide whether or not this negligence is the proximate cause of the injury suffered: 1 Thompson on Negligence, sec. 150, citing Fitzpatrick v. Great Western R. Co., 12 Up. Can. Q. B. 645; 1 Thompson on Negligence, sec. 156, citing Purcell v. St. Paul City Ry. Co., 48 Minn. 134; Dixey v. Traction Co., 180 Pa. 401; McCafferty, Admr., v. Penna. R. R. Co., 193 Pa. 339; McKee v. Traction Co., 211 Pa. 47.

It is a natural consequence, to be expected and foreseen, that a pregnant woman thrown about, jolted and jarred in a negligently derailed car will be hurt and injured.

*John T. Lenahan*, with him *Frank A. M'Guigan* and *Richard B. Sheridan*, for appellee, cited: Ewing v. Ry. Co., 147 Pa. 40; Houston v. Traphagen, 47 N. J. L. 23; Linn v. Duquesne Boro., 204 Pa. 551.

OPINION BY MR. JUSTICE ELKIN, May 2, 1910:

We have read with care the able and exhaustive argu-

ment of the learned counsel for appellants but have not been convinced that the trial judge committed error in directing a verdict for defendant. The learned court below followed the rule of our Pennsylvania cases in holding that there can be no recovery of damages for bodily or mental suffering resulting from fright unconnected with physical injury. While, it is true, this rule has been relaxed more or less in some jurisdictions, it has been uniformly upheld and applied in our state: Fox v. Borkey, 126 Pa. 164; Ewing v. Railway Co., 147 Pa. 40; Linn v. Duquesne Boro., 204 Pa. 551; Huston v. Freemansburg Boro., 212 Pa. 548; Chittick v. Rapid Transit Co., 224 Pa. 13. In very recent cases the rule has been reiterated as being settled law here. The only question, therefore, that can arise in the case at bar is whether the injury complained of resulted from nervous shock. It is argued for appellants that the learned court below erred in two important particulars: First, in assuming that there could be no recovery for an injury produced by fright alone in a case where the relation of carrier and passenger existed; and, second, in assuming that the injury suffered in the present case was produced by fright unaccompanied by physical violence. As to the first proposition it may be stated that while the relation of the parties may and does affect the degree of care owed by one to the other, the rule as to nervous shock does not depend upon such considerations. The answer to the second proposition depends upon the facts and as we read the testimony only one conclusion can be drawn and that is that the miscarriage resulted from the nervous shock occasioned by the car bumping over the track at the open switch. The wife, one of the appellants here, so testified and so did the physician who attended her. In refusing the motion for a new trial the learned court below set out at some length the testimony of Mrs. Morris and her physician in which it was admitted by the one and testified by the other that the miscarriage was caused by the nervous shock. These were the witnesses

most competent to testify as to the causes which produced the injury complained of and we do not understand how it can be considered error for the learned court to assume as a fact what had been expressly stated in the testimony relied on to sustain a recovery. It is a matter not only of scientific but of common knowledge that miscarriages are often caused by fright or nervous shock, and the testimony in this case simply shows that what frequently happens in the natural order of things did occur. There was no evidence, sufficient to be submitted to the jury, to warrant a finding that the miscarriage was caused by any physical injury. Under these circumstances the learned trial judge was clearly right in applying the rule of our cases and in directing a verdict for the defendant.

Judgment affirmed.