## Koplin *v.* Louis K. Liggett Company, Appellant.

Argued April 24, 1936. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John J. McDevitt, 3d,* with him *Joseph M. Leib* and *John J. McDevitt, Jr.,* for appellant.

*Nochem S. Winnet,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

Plaintiff claims she was made sick by the presence of a centipede in the spoon with which she was eating vegetable soup served to her at lunch in defendant's restaurant. On this account she brought suit to recover damages from defendant. In pursuance of binding instructions from the trial judge, the jury found a verdict in defendant's favor. Plaintiff appealed to the Superior Court from the judgment entered. We allowed an appeal from its order granting a new trial.

Appellant thus described what happened: "When I was taking a tablespoon to my mouth I noticed a centipede in the spoon." She went on to say: "It was a sort of worm or centipede. That is what I thought it was." She added that she "didn't touch it" and did not put it in her mouth. She admitted that the soup, most of which she had eaten, had no bad taste. She claims that she was nauseated by seeing the object in the spoon and continued in this state for two or three weeks, although she was never actively sick in the sense that she vomited. During this period she was treated by her family physician five times. He testified that he gave her only simple remedies and that her disturbed state was more mental than physical. She claims to have lost nine or ten pounds in weight. Upon leaving the restaurant, she returned to the bank where she was employed and continued to work daily thereafter, losing no time whatever.

Passing over some of the contentions made by appellant,—that there was no adequate proof that the centipede, or whatever it was, was in the soup when served to plaintiff; that there was no proof that the soup was unwholesome or that plaintiff was made ill by eating it;

and that a finding for plaintiff would be founded upon inferences tenuous and unreliable—we are of opinion that a principle long established by us stands in the way of any recovery.

"There can be no recovery for injuries resulting from fright, or a nervous shock, unaccompanied by physical injuries": *Howarth v. Adams Express Co.*, 269 Pa. 280, 112 Atl. 536. In *Ewing v. Pittsburgh, Cincinnati & St. Louis Ry. Co.*, 147 Pa. 40, 43, 23 Atl. 340, 341, we said: "It is plain from the plaintiff's statement of her case that her only injury proceeded from fright, alarm, fear, and nervous excitement and distress. There was no allegation that she had received any bodily injury. If mere fright, unaccompanied with bodily injury, is a cause of action, the scope of what are known as accident cases will be very greatly enlarged; for, in every case of a collision on a railroad, the passengers, although they may have sustained no bodily harm, will have a cause of action against the company for the 'fright' to which they have been subjected. This is a step beyond any decision of any legal tribunal of which we have knowledge." We repeated this ruling in *Huston v. Freemansburg Boro.*, 212 Pa. 548, 61 Atl. 1022, saying that it is settled in this State and no longer open for discussion, and adverted to it in *Chittick v. Phila. Rapid Transit Co.*, 224 Pa. 13, 73 Atl. 4, and in *Morris v. Lackawanna & W. Va. Ry. Co.*, 228 Pa. 198, 77 Atl. 445. See also *Hoffman v. Rhoads Construction Co.*, 113 Pa. Superior Ct. 55; *Restatement, Torts*, section 46, comment c, also section 306, comment b.

The order of the Superior Court is reversed and the judgment of the common pleas is reinstated and affirmed.