## Halliday v. Cienkowski

*Herman A. Becker,* for plaintiff.
*Clare Gerald Fenerty,* for defendant.

PARRY, J., May 18, 1938.—Plaintiff's motion to take off a non-suit.

The plaintiff testified that she was sitting on her back porch with a friend and the friend's two children when the defendant, her next door neighbor, drove into his own yard in a truck with his wife and two of his children. After alighting the defendant came to the fence dividing

the two properties and in the hearing of the other persons mentioned addressed the plaintiff as a "Scotch bitch", a "bastard" and a "bum".

The damages claimed are for nervous shock and headaches necessitating first a trip to Ireland to visit the plaintiff's mother ten months after the incident and now the sale of the plaintiff's house at a sacrifice that she may move from the neighborhood.

Aside from the fact that proof of the damages was extremely meagre, it is clear that the plaintiff cannot recover for nervous shock unaccompanied by physical injuries. Koplin vs. Louis K. Liggett Co., 322 Pa. 333 and cases therein cited. Nor is she entitled to a presumption of damage, on the basis of the words used being actionable per se, unless they "impute the commission of some criminal offense; or some contagious disease tending to exclude from society; or prejudice the party in his office or employment, or in his profession or trade. All other oral words are not, as a general rule, actionable per se, although tending to expose to public hatred, contempt, and ridicule". 36 C. J. p. 1165 §29.

The term "bum" does not fall within these limitations and "bastard", when spoken, has specifically been held in Pennsylvania not actionable per se by the person to whom it is applied. Maxwell et ux. v. Allison, 11 Serg. and Rawle, 343. As for "bitch" it is stated in 36 C. J. p. 1177 §64 that "As a general rule it is not actionable merely to call a woman a 'bitch' or a 'slut', such words of themselves not imputing a breach of chastity." Although the statement of claim laid the word with the innuendo "thereby meaning and intending to charge the plaintiff with the crime of adultery", as pointed out above it has not necessarily that meaning and as no proof was offered that it was so used the case is not within the authorities cited for the plaintiff; the non-suit was properly entered and the motion to remove it is overruled.