45 So.2d 541 (1950)
KENDALL
v.
NEW ORLEANS PUBLIC SERVICE, Inc.
No. 19400.
Court of Appeal of Louisiana, Orleans.
March 27, 1950.
*542 Leopold Stahl, New Orleans, for appellant.
Alvin R. Christovich and Wm. W. Ogden, New Orleans, for appellee.
REGAN, Judge.
Plaintiff, Mrs. Miriam Kendall, widow of John Fred Baringer, brought this suit in the amount of $8,443.14, against the defendant, New Orleans Public Service, Inc., for damages for personal injuries suffered by her, a pedestrian, on June 11, 1948, at the hour of 1:30 p. m. on the sidewalk of Carondelet between Julia and Girod Streets, by virtue of defendant's negligence in that she was violently knocked down by a panic stricken passenger fleeing in fear from the scene of defendant's burning electric trolley car. Plaintiff claims $662.14 for medical expenses, $281 for loss of earnings, etc. and $7,500 for pain, suffering and permanent partial disability to her left arm.
Defendant answered and pleaded that it was not guilty of any negligence, that the fire which occurred was small and of an inconsequential nature, and that the injury which befell plaintiff was not the direct and proximate result of the fire on the electric trolley car.
There was judgment below in favor of defendant, dismissing plaintiff's suit. Hence this appeal.
The erudite trial judge thoroughly analyzed both the facts and the law applicable to this case in his written reasons for judgment which, in our opinion, cover the case so fully that we adopt them as our own.
"Plaintiff seeks recovery of damages for personal injuries sustained by her when, as a pedestrian on the sidewalk, 30 feet away, she was violently run into and knocked down by another person, allegedly a passenger, fleeing in fright from a burning electric street car, owned and operated by defendant.
"Plaintiff is an elderly white woman, about 68, and a school teacher. Undoubtedly she received painful injuries: a fracture of the left humerus involving the neck of the humerus of the left arm with rotation of said humerus in the glenold fossa resulting in 30% residual disability of her left arm. The person who ran into and knocked plaintiff down was a rather hefty colored woman.
"The scene of the accident is Carondelet Street, between Girod and Julia Streets, in New Orleans, on June 11, 1948, about 1:30 P.M. The electric street car was on its way to Canal Street, about eight squares away.
"According to plaintiff and some of her witnesses, the street car came down Carondelet Street like a prehistoric monster, belching fire and brimstone, and sending out a 24 foot flame like a military flame thrower, emitting thick clouds of white smoke and venting sinister hissing and loud explosive noises.
"Plaintiff testified that when she first saw the street car she attempted to seek shelter in the Stephens Auto Company's office located on Carondelet near her, but was prevented from doing so by the flames which reached the building, which kept her trapped on the sidewalk.
"Plaintiff's electrical engineer (Mr. Mc-Donald) admitted the flame could not have extended more than a foot or two from the street car. It was the flash or reflection, not the flame, that plaintiff saw 24 feet away.
"Defendant's version is that a small fire took place in some of the equipment on the *543 outside of its street car, on the right hand side and underneath, due to a short circuit, causing some smoke to be emitted, accompanied by slight noises; that the car was promptly stopped and the passengers permitted to alight, after which the fire was put out. Defendant denies any negligence on its part, or in any event, any act of its own, negligent or otherwise, was too remote to be the proximate cause of her injury.
"I find that defendant's electric car was on its way to Canal Street on Carondelet Street. Between Girod and Julia streets a fire developed on its right side underneath, caused by a short-circuit. Within thirty feet, more or less, the car was stopped and the passengers permitted to alight. The conductor went through the car to pacify the passengers, about 35 in number, and to assure them there was no cause for alarm. A few passengers jumped through the windows, but the others left when it stopped, either from the front or rear platforms.
"The short-circuit was at a point between the trolley wire and the circuit breaker, the latter being a mechanical fuse which automatically cuts off the electricity in case of a short-circuit. The short-circuit caused a fire in the junction box under the car, which burned part of the box and the insulation and covering of the wires. Until the trolley was pulled down from the trolley wire, there was an intermittent blue flame, emitting smoke and sparks, likened to the blue flame, flash and sparks resulting from electric welding of street car rails, commonly seen on the streets of New Orleans.
"A short-circuit may result when the motorman feeds electricity too rapidly to the motors. The circuit breaker should cut off the electricity automatically. If the circuit breaker fails to operate, a fire is the inevitable result. Defendant explains that the short-circuit occurred between the circuit breaker and the trolley wire and continued until the trolley was pulled down.
"At the outset, I must state the rule to be that a carrier is not the insurer of its passengers, and certainly not pedestrians, and is liable for injuries to either, only if caused by its negligence in failing to exercise the proper degree of care, skill and diligence for their safety. The use of standard and safe equipment and its periodic inspection and test is all that is required.
"Where a passenger is injured without fault of his own, there is a legal presumption of negligence, casting upon the carrier the onus of disproving it. The carrier may rebut the presumption and relieve itself from responsibility by showing that the injury arose from an accident which the utmost skill, foresight and diligence could not prevent. The carrier need only prove its freedom from negligence, not how the accident happened or who or what brought it about.
"A carrier must use the highest degree of care in selecting safe vehicles and equipment for the safety of its passengers, and these vehicles and appliances must be vigilantly and regularly inspected. Jones v. Baton Rouge Electric Co., La.App., 192 So. 539; Martin v. Interurban Transp. Co. Inc., 15 La.App. 256, 131 So. 514; Connor v. Gardner, 230 Ill. 258, 82 N.E. 640, 15 L. R.A., N.S., 79; Roanoke Railway & Electric Co. v. Sterrett, 108 Va. 533, 62 S.E. 385, 19 L.R.A., N.S., 316, 128 Am.St.Rep. 971.
"And one cannot recover for injuries sustained, even admitting negligence of a carrier, unless such negligence was the proximate cause of such injury.
"If the injury to plaintiff was not likely to result from the accident, and was not one which the defendant could have reasonably foreseen in the light of the attending circumstances, then the accident was not the proximate cause. Unless defendant had reason to anticipate the result of such an accident to one of its street cars would so operate to cause a normal person to run amok and knock plaintiff down on the sidewalk, about 30 feet away, it would not be liable.
"To state the rule briefly: one is not responsible for the results of his acts which are brought about by a chain of circumstances unforeseen, unexpected, and which no reasonable man could naturally have looked for or anticipated. Mauney v. *544 Gulf Refining Co. et al., 193 Miss. 421, 8 So. 2d 249, 9 So.2d 780.
"And, of course, the converse is true: Where a person is forced to act under the stress of nervous excitement produced by a peril which confronts him, he is not expected to act with the coolness and precision, nor with the prudence that under other circumstances would be considered an essential of due care. And where one is put in sudden peril by the negligent act of another and, in an instinctive effort to escape from that peril, either suffers injury himself or does injury to a third person, the negligent act is the proximate cause of the injury. The intervening attempt to escape does not supersede the negligent act as the proximate cause of the injury, since it is prompted or set in motion by the negligent act.
"Under this rule a carrier is liable where a passenger or third person is injured in a panic arising when the negligent operation of one of its vehicles produces on apparent peril to one of normal experience and understanding. 52 Am.Jur. 428, Section 80; 38 Am.Jur. 874, Section 194; 38 Am.Jur. 736, Section 77; 35 A.L.R. 1448.
"The character of impending danger or; at least, its apparent character, is to be considered. If one acts unreasonably, or rashly, or becomes frightened at a trivial occurrence, not calculated to alarm a reasonably prudent man, and thereby brings injury upon himself, there is no liability. In considering whether there was justification for a passenger's action, it is proper to consider the action of the other passengers as part of the res gestae and what was deemed prudent by them. Chretien v. New Orleans Rys. Co., 113 La. 761, 37 So. 716, 104 Am.St.Rep. 519.
"Original negligence is not the proximate cause where there is a totally unexpected act of an intervening third party. Petrich v. N. O. City Park Imp. Ass'n, La. App., 188 So. 199.
"Care or fright as to the probable effect of an act is not to be weighed on a jeweler's scale, nor calculated by the expert mind of the philosopher, from cause to effect, in all situations. Illinois Cent. R. R. Co. v. Bloodworth, 166 Miss. 602, 618, 145 So. 333, 336; Mauney v. Gulf Refining Co., et al., 193 Miss. 421, 8 So.2d 249, 9 So.2d 780.
"The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, without which the result would not have occurred. Williams v. Pelican Creamery Co., La.App., 30 So.2d 574; Cavaretta v. Universal Film Exchange, La.App., 182 So. 135; Moore v. Jefferson Distilling, etc. Co., 169 La. 1156, 126 So. 691;
"From the foregoing rules, plaintiff can recover only if:
"1. Defendant has not satisfactorily proved its freedom from negligence.
"2. Plaintiff's injury was reasonably foreseeable as a consequence of defendant's negligent act, and her injury the proximate cause thereof, and not the result of the independent and intervening act of another.
"I must hold that defendant was not guilty of negligence which caused the short-circuit and resulting fire. The testimony convinces me that defendant's street car was equipped with standard appliances which were properly checked and supervised. The short-circuit and fire resulted in spite of defendant's skill, care and supervision. The failure of the equipment to properly operate was apparently due to a latent defect not discoverable by care, skill and supervision.
"Mr. McDonald, electrical engineer, when testifying for plaintiff, admitted the circuit breaking equipment used by defendant was standard and he knew of no better or modern equipment that the defendant could have used.
"Even though defendant was responsible for the short circuit and fire, was the resulting injury to plaintiff a natural consequence and the proximate cause thereof? I think not. The occurrence lasted only a short time. The street car was stopped promptly and the passengers permitted to alight with assurances from the conductor. It is true that some jumped from the windows without waiting for the car to stop and the doors to open. The fire caused little damage to the street car and none to any passenger. *545 While it is true that the conduct of other passengers is part of the res gestae and is to be considered to determine whether the one injured or causing injury to another acted justifiably, it is also necessary to consider the whole situation and particularly whether the antecedents were usual or unusual in ordinary human experience.
"While defendant's witnesses all testified that the fire from the short-circuit was the first experienced in over 21 years, the popping of a circuit breaker in a short-circuit and its accompanying hissing noise should be familiar to all who have been passengers on electric street cars. The crackling and hissing of an electric arc light and its blue, flickering flame and reflection are also familiar occurrences in any large city. The intense blue flame, hissing noise and shower of sparks created by the electric welding of steel railroad tracks, is also a familiar scene in any large city with electric street car systems.
"One of the passengers of the street car testified he waited until the car stopped before alighting. He thought the noise and flash was from the backfire of an automobile.
"There are many noises and daily occurrences familiar to human beings that cause a sudden and instinctive reaction, but not to the point that would justify an ordinary and normal person to suddenly become hysterical and to run amok and injure anyone in his path. A normal person promptly adjusts himself to a sudden, though familiar occurrence. One is not responsible for the reaction and damage caused by an abnormal person.
"Had the fleeing passenger injured himself in his mad race to escape, he could not have recovered from defendant. A pedestrian can have no greater right.
"Considering that the short-circuit which caused the fire was not an unusual occurrence, though the resulting fire was, and that the entire occurrence lasted only a few minutes, I cannot hold that the injury to plaintiff was the direct and proximate result of the fire. To the contrary, it was due to the abnormal reaction of a third person under circumstances not justifying it. I can no more hold defendant responsible under the circumstances here than I could it. Instead of a human being, it was a dumb animal who ran amok and injured plaintiff.
"No damages can be recovered by a bystander for temporary blindness and terrible fright and nervous shock due to negligence in causing an iron brace to come in contact with a trolley wire, so as to cause a powerful electric flash of an explosive nature. Chittick v. Philadelphia Rapid Transfer Co., 224 Pa. 13, 73 A. 4, 22 L.R. A., N.S., 1073.
"Since I find that defendant was not guilty of negligence, and even if it were, plaintiff's injury was not the proximate or foreseeable consequence thereof, but was due to the unforeseeable, irresponsible and unjustifiable act of a third person, there must be judgment for defendant."
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.