**Battuello v. Camelback Ski Corp.**

*Jane Roach,* for plaintiffs.
*Charles Fonzone,* for defendants.

MILLER, *J.,* December 18, 1992—This case arises from the death of 12-year-old Brett Battuello (decedent) who died March 2, 1988, as a result of head injuries sustained in a fall while skiing on the Mark Antony trail at the Camelback Ski Resort in Tannersville, Monroe County, Pennsylvania. Plaintiffs are the parents of decedent and co-administrators of his estate who brought suit against the defendant corporation alleging that decedent's injuries and death were the result of the defendant's negligence in failing to take reasonably necessary safety precautions, specifically in the form of fencing and padding along the Mark Antony trail, precautions which, they allege, would have prevented their son's death.

Following the filing of their complaint, the plaintiffs served upon the defendant a request for production and inspection of documents and things and entry upon land for inspection and other purposes pursuant to Pa.R.C.P. 4009. The defendant, in turn, filed a timely response, with objections, to said request for production, asserting that compliance with plaintiffs' request for discovery would impose an unreasonable expense and burden upon the defendant, would require it to engage in an unreasonable investigation and, further, that certain of the information sought by plaintiff was irrelevant—all of which objections, according to defendant, were properly made under the Pennsylvania Rules of Civil Procedure relating to discovery.

The plaintiffs then moved to strike the defendant's objections and compel production of documents. This court

issued a rule, made returnable September 8, 1992, upon the defendants to show cause why the relief requested by plaintiffs should not be granted. Defendant filed a timely answer to the rule, and the matter was set for oral argument, which this court heard on November 2, 1992. On September 9, 1992, an answer and new matter were filed by defendant. Plaintiff Marilyn Battuello filed a reply to new matter and cross-claim on October 16, 1992, and on November 12, 1992, plaintiffs filed a reply to defendant's new matter.

Having set forth the procedural history of this case, we are now ready to proceed with the disposition of the issues raised by the defendant's objections and plaintiffs' motion to strike.

The defendant's objection can be summarized as follows. First, defendant challenges plaintiffs' right to request documents relating to the frequency and number of skiing accidents along the entirety of the Mark Antony trail, including those accidents which occurred after the incident which gave rise to the instant cause of action. Second, defendant objects to the plaintiffs' request seeking documents regarding the defendant's knowledge and use of safety devices such as padding and fences at or along the trails. We will consider each of the defendant's objections in turn in light of plaintiffs' motion to strike same and compel discovery.

With regard to the group of documents dealing with accident reports, we note that the defendant specifically objects to requests for productions nos. 4, 32 and 39 which read as follows:  A request for:

"(4) Copies of any and all notes, correspondence, statistics, documents, memoranda or data relating to the frequency of accidents occurring at the Marc Antony trail from 1983 to present."

"(32) Copies of all studies, statistics, data, memoranda, and notes relating to the number of accidents on the Marc Antony trail from 1980 to the present."

"(39) Copies of any and all documents regarding accidents occurring at the elbow of the Marc Antony trail from the date of its inception to the present."

The defendant's objections to all of the above are the same and read specifically as follows:

"Camelback objects to this request on the basis that providing weekly accident reports for all trails at the Camelback ski area from the time period of 1983 to the present would impose an unreasonable burden and expense upon Camelback and, further, would require the making of an unreasonable investigation by Camelback. Defendant Camelback also objects on the basis that the information sought to be discovered is, largely, irrelevant. This action involves a skiing injury which occurred at a specific location on the Mark Antony Trail at Camelback's ski facility. There are in excess of 20 trails at the Camelback ski area and, as such, accidents occurring on other trails, or on other portions of the Mark Antony trail are irrelevant. Despite these objections, and without waiver of same, defendant is compiling, and will make available for inspection and copying, copies of incident reports describing accidents occurring on the lower portion of the Mark Antony trail from the 1984-1985 ski season until the date of the plaintiff's decedent's accident. In-

cident reports for the 1983-1984 ski season are no longer available, insofar as Camelback routinely destroys incident reports which are more than six years old. Production of incident reports for accidents occurring after the decedent's accident is objected to as irrelevant."

In addition, counsel for the defendant informed us at oral argument that plaintiffs have already been provided with copies of reports detailing accidents which occurred at the elbow of the Mark Antony trail—the site of the accident—from 1984 up until the date of decedent's fatal fall on March 2, 1988, reports which had the names of the injured parties redacted from them. Counsel for defendant maintains that this information is all that defendant can be legally required to provide under the Rules of Civil Procedure; the balance of plaintiffs' request is, according to defendant, irrelevant and would impose an unreasonable burden upon defendant if ordered to comply. We agree.

We begin our analysis of the issues here presented by referring to Pa.R.C.P. 4003.1 which delineates the general scope of allowable discovery as follows:

"Rule 4003.1. *Scope of Discovery and Generally, Opinions and Contentions—*

"(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents,

or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

"(b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"(c) Except as otherwise provided by these Rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact. Adopted November 20, 1978, effective 120 days after December 16, 1978. Amended December 14, 1989, effective January 1, 1990."

Pennsylvania Rule of Civil Procedure 4011 places limits on the scope of discovery by providing that:

"Rule 4011. *Limitation of Scope of Discovery and Deposition—*

"No discovery or deposition shall be permitted which:

"(a)  is sought in bad faith;

"(b)  would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

"(c)  relates to matter which is privileged; or

"(d)  Rescinded November 20, 1978, effective 120 days after December 16, 1978.

"(e)  would require the making of an unreasonable investigation by the deponent or any party or witness."

We note initially that the defendant's ability to provide certain of the documents requested is affected by the defendant's internal management policy of routinely destroying incident reports which are more than six years old.

Any incident reports dating back prior to the 1984-1985 ski season are, therefore, no longer available. Thus, we will focus on plaintiffs' requests nos. 4, 32 and 39 for the time period beginning with the 1984-1985 ski season to present.

As noted above, the defendant has already offered to provide and may, in fact, have provided copies of accident reports for incidents which occurred at the elbow of the Mark Antony trail, site of decedent's fall, during the 1984-1985 ski season and during subsequent ski seasons up until the date of decedent's death on March 2, 1988. Plaintiffs, however, insist upon the production of these documents for that period of time running beyond the date of decedent's fatal fall and including the present ski season. Moreover, plaintiffs demand that these documents include reports of incidents occurring anywhere along the Mark Antony trail and be complete with the names and addresses of injured parties, witnesses, etc.

We find this request to be overly broad and for the following reasons hold that plaintiffs' request must be properly limited to reports of accidents which occurred at the site of decedent's fall. Furthermore, we find that the redacted reports, that is, those from which the names and addresses of injured parties, witnesses, etc. have been eliminated, will satisfy the defendant's obligations under the Pennsylvania Rules of Civil Procedure.

Contrary to the assertion propounded by the defendant in its objections to plaintiffs' request for production, Pennsylvania courts have uniformly held in personal injury actions that, under certain conditions, evidence of the occurrence of accidents happening subsequent to but simi-

lar to that which gave rise to the litigation and occurring at the same site and under the same conditions are relevant and admissible at trial to go toward establishing the character of the accident site, the cause of the injuries and defendant's notice of a defect on the premises. *Fisher v. Pomeroy's Inc.*, 322 Pa. 389, 185 A. 296 (1936); *Fleda B. Baker v. Keithan's Inc.*, 40 Northum. Leg.J. 86 (1968). If admissible at trial, we must conclude that post-accident reports in the instant matter are discoverable; however, plaintiffs are limited to reports of those accidents which occurred at the site of decedent's fall.

We further hold that defendant may properly redact the names and addresses of injured parties and witnesses from the reports which we find that they are obligated to provide. Although the record itself may be discoverable, plaintiffs are to be properly limited in their request to the relevant portions thereof. *Rearick v. Griffith*, 27 D.&C.2d 451 (1962); *Silverman v. Denny*, 80 Montg. L.R. 329 (1962).

The only exception to this limitation would consist of the names and addresses of those parties injured earlier in the day on the same date as decedent and at the site of decedent's injury. See *Bystrom v. Sears, Roebuck & Co.*, 18 D.&C.2d 300 (1959). To allow otherwise would give the court's approval to a fishing expedition into the defendant's records. While we note that discovery, by its nature, may be somewhat inconvenient and intrusive, we still express our concurrence with Judge McDevitt who, writing for the Court of Common Pleas of Philadelphia County, observed as follows:

"Legitimate discovery procedures often are, and sometimes must be fishing expeditions. What we do condemn

is the attempt to fish with a net rather than with a hook or a harpoon." *Brownstein v. Philadelphia Transportation Co.,* 46 D.&C.2d 463, 464 (1969).

Therefore, to place this decision within the correct procedural context, we sustain plaintiffs' motion to strike the defendant's objections to the request for production of documents nos. 4, 32 and 39 insofar as said objections relate to information regarding reports of skiing accidents which occurred from the 1984-1985 ski season to present at the same location as decedent's accident, on the Mark Antony trail at Camelback Ski Resort. Except as noted above, said reports may eliminate the names and addresses of injured parties and witnesses.

Defendant has also objected to plaintiffs' request for production of documents relating to the use of padding and fencing along the ski trails. In particular, defendant has objected to plaintiffs' requests nos. 19 and 20 which read as follows: A request for:

"(19) Copies of any and all documents regarding Camelback's fencing program.

"(20) Copies of any and all documents regarding Camelback's padding program."

Defendant's objections assert:

"Responding to this request for production of documents would require an unreasonable investigation, and would impose an unreasonable burden and expense upon Camelback. Particularly when one considers that the request for production, as phrased, requires Camelback to produce documents which, conceivably, could date back to the 1960s, it becomes apparent that responding to this

request would impose an unreasonable burden and expense, as well as require an unreasonable investigation."

Defendant's objection to request no. 28, relating to ski patrol manuals in use at the defendant's ski resort, was resolved by agreement between the parties.

While we do not believe that the defendant has sustained its burden, as the moving party, of establishing the unreasonableness of plaintiffs' request (See this court's decision in *Econ Marketing Inc. v. Side II Associates Ltd.,* 17 D.&C.4th 341 (1992), nevertheless, we will resolve this discovery issue in order that the litigation may continue to progress to a final resolution.

Information relating to the defendant's use of safety precautions both before and after decedent's death such as padding and fencing may be used at trial to establish defendant's notice of a defective condition along the Mark Antony trail. As such, it is properly discoverable at this stage of the litigation. *Minichino v. Borough of Quakertown,* 88 D.&C. 83 (1954). However, once again, in accordance with the principles governing relevancy laid out earlier in this opinion, we limit the defendant's response to the site of the accident which resulted in decedent's death.