637 A.2d 1367

**Emir A. ZIKRIA, Appellant,**

v.

**ASSOCIATION OF THORACIC AND CARDIOVASCULAR SURGEONS, P.C., A Pennsylvania Corporation, Siroos Samadani, an Individual and William H. Miller, an Individual.**

Superior Court of Pennsylvania.

Argued Jan. 4, 1994.

Filed March 7, 1994.

Frank Yourick, Pittsburgh, for appellant.

Michael J. Bruzzese, Pittsburgh, for appellees.

Before ROWLEY, President Judge, and BECK and JOHNSON, JJ.

BECK, Judge.

In this wrongful discharge case, the substantive issue is whether the trial court erred in dismissing the tortious inference with contract and intentional infliction of emotional distress counts of a complaint filed by plaintiff-appellant Emir A. Zikria against defendants-appellees, Association of Thoracic and Cardiovascular Surgeons, P.C., Siroos Samadani, and William H. Miller. Prior to addressing that issue, however, we must consider whether the order appealed from is a final and appealable order.

The factual and procedural context of this case can be succinctly described. Appellant Zikria, a medical doctor, is a former employee of appellee Association of Thoracic and Cardiovascular Surgeons, P.C. (hereinafter "ATCS"). Zikria was

also an officer and shareholder of ATCS. Co-appellees Samadani and Miller are also doctors who are both employed by and officers and shareholders of ATCS.

In the first count of Zikria's complaint, he alleged that he was wrongfully discharged as an employee of ATCS and was underpaid during his last year at ATCS, all in breach of various contracts he had allegedly entered into with ATCS. The first count named ATCS and both individual appellees as defendants. In the second count, against the individual appellees only, Zikria alleged that Samadani and Miller had tortiously interfered with his contractual relations with ATCS. In the final count, Zikria asserted a cause of action for *intentional infliction of emotional distress* against all three appellees. All three counts were premised on the same recitation of facts—basically, Zikria alleged that ATCS, Samadani and Miller had wrongfully excluded him from the activities and revenues of ATCS and, eventually, from the practice of medicine as an employee of ATCS.

Appellees filed preliminary objections to counts II and III of the complaint, which appellant thereupon amended. The preliminary objections were renewed and, ultimately, the trial court granted the objections and entered an order dismissing counts II and III of the amended complaint. This timely appeal followed.

■■■ Few principles of Pennsylvania law are clearer or more firmly established than that which states that an order dismissing some but not all counts of a multi-count complaint is interlocutory and not immediately appealable. *See, e.g., Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). It is the exception to this principle that has resulted in a legion of inconsistent determinations. The exception provides that such an order is appealable if the dismissed count or counts state causes of action separate from the remaining counts. *Id.; Motheral v. Burkhart*, 400 Pa.Super. 408, 583 A.2d 1180 (1990) (en banc). In determining whether a dismissed count states a separate cause of action, we ask whether the dismissal of that count has put the plaintiff out of court on

all theories of recovery against a given defendant for a given loss. *Motheral,* 400 Pa.Super. at 415, 583 A.2d at 1184 (quoting *Sweener v. First Baptist Church,* 516 Pa. 534, 539, 533 A.2d 998, 1000 (1987)).

Although the Supreme Court of Pennsylvania has now amended the Rules of Appellate Procedure so as to eliminate the need to employ these principles in future cases, the amended rules apply only to orders entered in matters commenced after July 6, 1992, and to orders entered on or after March 1, 1994, regardless of when the proceeding was commenced. *See* Pa.R.A.P. 341 & Per Curiam Order of the Supreme Court dated January 10, 1994. Since this proceeding was commenced in 1991 and the order in question was entered before March 1, 1994, the new rules do not apply and we must decide this matter under the appealability principles set forth above.

The order in question dismissed both plaintiff's tortious interference with contractual relations count and his intentional interference with emotional distress count. Thus, plaintiff was left with his breach of contract action only. We consider the appealability of the dismissal of each count separately.

As to the tortious interference count, we find the trial court's order to be interlocutory and not presently appealable. This count pleads the same facts as does the breach of contract count, with the addition of certain allegations of malicious intent by the individual defendants. The damages sought are also the same in both counts, except that appellant also sought punitive damages for tortious interference. The individual defendants are named in both counts. Clearly, appellant is seeking to recover for the same harm or loss in both counts—that is, for the loss of the opportunities and revenues which his continuing participation in ATCS would have yielded him.

In a highly similar case, a panel of this court recently decided that the dismissal of a count for tortious interference which merely rephrases an existing breach of contract count is not a final appealable order. *Fink v. Delaware Valley HMO,*

417 Pa.Super. 287, 612 A.2d 485, 489 (1992). Moreover, the *Fink* court noted that the addition of a request for punitive damages in such a situation does not create a separate cause of action. The court stated:

> In *Bash v. Bell Telephone,* 411 Pa.Super. 347, 601 A.2d 825 (1992), we determined that a claim for punitive damages was not final and appealable because the contract action remained unresolved. We reasoned that "where one of several counts seeks to recover punitive damages in a complaint alleging breach of contract, a dismissal of that count does not put the plaintiff out of court on his underlying cause of action. Only if appellant is successful in his cause of action of breach of contract does the measure of damages become relevant." *Id.* at 352–53, 601 A.2d at 828 (citations omitted).

Thus, the fact that appellant's tortious interference count, which merely is a restatement of his breach of contract count, contains a plea for punitive damages does not convert that count into one that sets forth a separate cause of action. Therefore, the appeal from the trial court's dismissal of appellant's tortious interference count must be quashed.

■ In contrast, we find that insofar as the trial court's order dismissed appellant's intentional infliction of emotional distress count, the order is final and appealable. Although this count is also premised on the factual allegations underlying the breach of contract count, we nevertheless are compelled by our case law to find that it seeks recovery for a distinct kind of harm or loss and, therefore, sets forth a separate cause of action. *See Britt v. Chestnut Hill College,* 429 Pa.Super. 263, 632 A.2d 557 (1993) (count pleading intentional infliction of emotional distress seeks recovery for physical and emotional harm, which is distinct from harm identified in defamation count); *Fink, supra* (intentional infliction count seeks recovery for harm distinct from that identified in breach of contract count).

■ We now turn to a consideration of the trial court's decision to dismiss appellant's intentional infliction count on the ground that the allegations of this count were insufficient

as a matter of law to set forth a cause of action for intentional infliction. We agree. Liability for this tort hinges upon "outrageous" conduct by the defendant:

> It has not been enough that the Defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Lazor v. Milne*, 346 Pa.Super. 177, 180, 499 A.2d 369, 370–71 (1985) (quoting Restatement (Second) Torts, § 46, comment d).[1] It is for the court to make the initial determination whether the defendant's conduct can reasonably be considered to be so outrageous as to permit recovery. *Id.*

Clearly none of the allegations contained in appellant's complaint describe conduct by the appellees that even approaches the type of behavior that might give rise to liability for intentional infliction of emotional distress. This is a straightforward business dispute, a breach of contract case, and no more. It is precisely the type of case in which courts have so frequently held that no recovery for emotional distress is permitted. *See, e.g., Rodgers v. Nationwide Mutual Insur. Co.*, 344 Pa.Super. 311, 496 A.2d 811 (1985).[2]

1. We note that the Supreme Court of Pennsylvania has never adopted Section 46 of the Restatement of Torts, which describes the tort of intentional infliction of emotional distress, as part of the law of this Commonwealth. *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987). In the instant case, we decide only that even if a cause of action for intentional infliction of emotional distress were cognizable in this Commonwealth in a proper case, this case would not meet the minimal requirements of such a cause of action.

2. Appellant cites *MacGregor v. Mediq, Inc.*, 395 Pa.Super. 221, 576 A.2d 1123 (1990), for the proposition that wherever a complaint pleads both a breach of contract action and another action sounding in tort, then a cause of action for intentional infliction of emotional distress can also be asserted. We have reviewed *MacGregor* and find no such holding, or even a suggestion of such a holding, in the court's opinion. *MacGregor*

The appeal from that portion of the trial court's order that dismissed count II, tortious interference with contractual relations, is quashed. The portion of the trial court's order that dismissed count III, intentional infliction of emotional distress, is affirmed.

held only that a careful review of the complaint filed in that case revealed that the plea for damages for emotional distress was intended to follow plaintiff's allegations of negligence and fraud and was, therefore, properly pleaded. *Id.* at 229, 576 A.2d at 1127.