IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania  :
   :
      v.  : No. 1664 C.D. 2017
   : Submitted: November 13, 2018
Marcus A. Green,  :
          Appellant  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI            FILED: December 6, 2018


Marcus A. Green (Green) appeals from the Court of Common Pleas of Delaware County's (trial court) forfeiture Order dated October 5, 2017, ordering the forfeiture of $3,343 because that money was found in close proximity to controlled substances as defined in The Controlled Substance, Drug, Device and Cosmetic Act (Act).[1]


**I.**

In March 2015, after observing Green make three hand-to-hand controlled buys of cocaine to a confidential informant, the Upper Darby Narcotics

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 – 780-144.

Unit and Delaware County Drug Task Force executed a search warrant for Green's residence located at 945 Fariston Road, Drexel Hill, Pennsylvania. Upon entering the residence, they discovered Green and Monique Edwards (Edwards), his girlfriend, in the living room.

From its search of the residence, the police discovered the following pertinent items:

- $6,000 United States cash currency;

- $3,343 United States cash currency;

- $60 United States cash currency;

- A round green pill;

- A plastic bag with numerous green Ziploc bags;

- A knotted sandwich bag filled with a hard white substance (later identified as crack cocaine);

- Three units of 8 mg Suboxone sublingual strips;

- A tissue containing three round peach pills;

- A can with a false bottom containing four Ziploc bags each filled with more Ziploc bags;

- Two black and silver digital scales with white residue;

- A razor blade with residue;

- Two round white pills;

- A fully loaded Ruger .380 automatic handgun; and

- A box of 9 mm ammunition.

On Green's person, there was $3,343, along with the green pill later identified as 15 mg of Oxycodone, a Schedule II narcotic.[2] Additionally, $6,000 and two round white pills identified as Oxycodone/Acetaminophen, also a Schedule II narcotic, were found in a hollowed-out book.[3]

After a jury trial, Green was convicted of three counts of Possession of a Controlled Substance,[4] two counts of Conspiracy to Possess a Controlled Substance,[5] three counts of Possession of Drug Paraphernalia,[6] and one count of Possession of a Firearm by Prohibited Persons.[7] On April 25, 2017, the trial court sentenced Green to an aggregate sentence of four to ten years' imprisonment.

At the sentencing hearing, Green's counsel stated:

> [A]s my client was walking up, [Commonwealth's counsel] did present me with an order in reference to forfeiting money, iPhones, and scales. For the record, Your Honor, in speaking with my client he has no – we have no objection to

---

[2] Section 4(2), 35 P.S. § 780-104(2).

[3] *Id.*

[4] Section 13(a)(16), 35 P.S. § 780-113(a)(16).

[5] 18 Pa.C.S. § 903.

[6] Section 13(a)(32), 35 P.S. § 780-113(a)(32).

[7] 18 Pa.C.S. § 6105(a)(1).

that.  It's not something that we are attempting to contest or anything like that.  We agree that that's appropriate given these set of facts.  We would encourage the Court to sign the order.

(Reproduced Record (R.R.) at 326a.)  As requested, the trial court entered an order directing that $9,403[8] be forfeited to the Commonwealth.[9]

However, upon obtaining new counsel, on May 5, 2017, Green filed with the trial court a Post-Sentence Motion for Reconsideration of its April 25, 2017 order requesting the return of $9,343.  Citing to *Commonwealth v. Porrino*, 96 A.3d 1132 (Pa. Cmwlth. 2014) (holding where circumstantial evidence can support an inference of innocent activity, there must be other evidence to rule out the innocent explanation), Green contended that the money should not have been forfeited because there was an insufficient nexus between the money and the drugs.

After holding a hearing on the issue, the trial court granted reconsideration only to the $3,343 found on Green's person but not to the $6,000 discovered in the hollowed-out book.  The trial court order stated:

[I]t is hereby ORDERED and DECREED that said relief is GRANTED in part and DENIED in part, as follows: reconsideration is granted as to the $3343.00 found on the

---

[8] This amount included the $9,343 belonging to Green and the $60 belonging to Edwards. Only the forfeiture of $9,343 is being challenged in this appeal.

[9] Green appealed his conviction to the Superior Court, which affirmed the trial court.  *See Commonwealth v. Green* (Pa. Super., 1671 EDA 2017, filed Aug. 13, 2018).

4

> Defendant's person ***ONLY***.   Commonwealth may file a
> forfeiture petition.

(R.R. at 398a.)  (Emphasis in original.)

The Commonwealth then filed a petition arguing that the $3,343 should beforfeited as derivative contraband.  At the hearing, after admitting that the Commonwealth met its prima facie case, Green attempted to establish that the $3,343 was from other sources.  He submitted a photocopy of debit and credit cards issued to him through his ownership interest in First Class Auto, L.L.C. (First Class Auto). Green also submitted three bank statements from Bank of America for First Class Auto.  The first statement was from August 1, 2017 to August 31, 2017.  The second was from June 1, 2016, to June 30, 2016.  The final statement was from November 1, 2015, to November 30, 2015.  All three statements showed that the business was still active as of those dates but none of the three statements showed the business's status as of the date of Green's arrest in March 2015.  Green also submitted his federal income tax return for tax year 2015 showing that Green had a total income that year of $9,950.

On October 5, 2017, the trial court ordered the forfeiture of the $3,343, which Green appealed.  In Green's Concise Statement of Errors Complained of on Appeal, he alleged that the scope of his appeal encompassed the July 12, 2017 order denying his Post-Sentence Motion for Reconsideration of return of his $6,000:

> 1.    The Commonwealth failed to carry its burden of proof to establish that Six Thousand Dollars ($6,000.00) discovered in the false center of a book, was furnished in exchange for a controlled substance, or was used or

5

intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act pursuant to 42 Pa.C.S.[] § 5802 and 5805. And therefore, the Honorable Court erred by denying Defendant Marcus A. Green's post-sentence motion for reconsideration for return of property pursuant to the Order dated July 12, 2017.

2. The Commonwealth failed to carry its burden of proof to establish that Three Thousand Three Hundred Forty-Three Dollars ($3,343.00) discovered on Marcus Green's person, was furnished in exchange for a controlled substance, or was used or intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act pursuant to 42 Pa.C.S.[] § 5802 and 5805. And therefore, the Honorable Court erred by denying Defendant Marcus A. Green's post-sentence motion for reconsideration for return of property pursuant to the Order dated October 5, 2017.

(R.R. at 418a – 419a.)

In addressing the statement of error regarding the $6,000, the trial court stated:

This Court is surprised that [Green] included the $6,000.00 in the book in his matters complained of on appeal. [Green] did not argue anything about the $6,000.00 at the forfeiture hearings. It is this Court's understanding that [Green] agreed with the Commonwealth not to challenge the forfeiture of this money that was agreed to at sentencing. Accordingly this issue is waived. The only money at issue at the forfeiture hearing was the money recovered from [Green's] person at the time of his arrest. This sum was stated as $3,403 in the Commonwealth's forfeiture petition and corrected to $3,343.00 by stipulation at the hearing.

(R.R. at 423a – 424a.)

6

## II.

On appeal, Green raises two issues: (1) whether the trial court erred in finding that the $6,000 found in the hollow book was subject to forfeiture, and (2) whether Green met his burden to rebut the presumption that the $3,343 found on his person was subject to forfeiture. However, before we can address the first question, we must first address the ability of Green to challenge the July 12, 2017 order denying his request for reconsideration pertaining to the forfeiture of the $6,000.[10]

## A.

The trial court found that Green waived his challenge to the portion of the July 12, 2017 order denying Green's request for reconsideration of the forfeiture of the $6,000 found in the hollowed out book. Whether the issue is waived is determined by whether the order of July 12, 2017 was interlocutory or final. If it is a final order, then the issue is waived because Green would have been required to appeal it within 30 days. Pa.R.A.P. 903(a). However, if it was an interlocutory order, the appeal could not be taken from that order until the forfeiture proceeding regarding the $3,343 had concluded.

What occurred here is analogous to what occurs when a trial court dismisses some but not all counts in a complaint. In the context of an order dismissing some but not all counts of a multi-count complaint, the order is deemed

---

[10] The Commonwealth Court's scope of review in a forfeiture appeal is whether the findings of fact made by the trial court are supported by substantial evidence and whether the court abused its discretion or committed an error of law. *Commonwealth v. $11,600.00 Cash*, 858 A.2d 160 (Pa. Cmwlth. 2004).

interlocutory and not appealable. *Zikria v. Association of Thoracic and Cardiovascular Surgeons, P.C.*, 637 A.2d 1367, 1369 (Pa. Super. 1994). To find that this is an interlocutory order also serves the purpose of the rule precluding piecemeal appeals and the consequent protraction of litigation. *Danko Development Corporation v. Econocast Corporation*, 534 A.2d 1108, 1110 (Pa. Super. 1987). Because the order is interlocutory, it could not be appealed until the matter of the $3,343 had concluded, which gave Green the ability to appeal whether the $6,000 was subject to forfeiture. Now to the merits.

## III.

## A.

First, we will address the trial court's order finding that $3,343 found on Green's person was subject to forfeiture.

The Forfeiture Act (Act)[11] permits the forfeiture of money exchanged for drugs used or intended to be used to facilitate any violation of the Act. 42 Pa.C.S. § 5802. In a forfeiture case, the Commonwealth bears the burden of establishing by a preponderance of the evidence that a nexus exists between the pertinent unlawful activity and the property subject to forfeiture. *Commonwealth v. All That Certain Parcel and Lot of Land Located at 4029 Beale Avenue, Altoona, Blair County, Pennsylvania*, 680 A.2d 1128 (Pa. 1996). Preponderance of the evidence is tantamount to a "more likely than not" standard. *Commonwealth v. $32,950 U.S.*

---

[11] The Pennsylvania Legislature recently rewrote the forfeiture statutes by the Act of June 29, 2017, P.L. 247, made effective July 1, 2017. The Forfeiture Act is now codified at 42 Pa.C.S. §§ 5801 -5808.

8

*Currency*, 634 A.2d 697, 698 n.9 (Pa. Cmwlth. 1993). Once the Commonwealth has sustained its burden of proof, the burden then shifts to the property owner to prove (1) that he is the owner of the money; (2) that he lawfully acquired the money; and (3) that the money was not unlawfully used or possessed by him. *Commonwealth v. $16,208.38 U.S. Currency Seized from Holt*, 635 A.2d 233, 238 (Pa. Cmwlth. 1993).

When money is found in close proximity to controlled substances possessed in violation of the Act, it shall be a rebuttable presumption that the money is proceeds derived from the selling of a controlled substance. 42 Pa.C.S. § 5802(6)(ii). Green concedes that the Commonwealth met its initial burden of proving a substantial nexus between the money and the drugs because both the $3,343 and the 15 mg of Oxycodone were found on Green's person. There is also no question that the money was "in close proximity" to the controlled substance making the issue whether or not Green rebutted the presumption that the money should be forfeited by establishing that the money was obtained lawfully.

Green argues that his testimony that he lawfully obtained the money forfeited based on his interest in First Class Auto, aFirst Class Auto bank statements as well as photocopies of debit and credit cards issued to him through his ownership in the business fulfilled his burden to rebut the presumption that the money should be forfeited.

The trial court found, however, that Green's testimony that the cash came from his interest in a used car lot was not credible. It did so because the evidence and testimony regarding Green's bank statements shows only the beginning

9

balance of his account on August 1, 2017, June 1, 2016, and November 1, 2015, as well as the amount of deposits and total withdrawals from those months. Furthermore, Green's 2015 federal income tax return shows that his total income for his business was $9,950. His adjusted gross income was $9,247. No explanation was offered that the $3,343 in cash was earned through his business or that he withdrew the money from his account.

Because Green failed to sustain his burden to show that the $3,343 was not derived from the selling of a controlled substance, the trial court properly granted the Commonwealth's petition to forfeit those funds.

**B.**

Now we address his appeal from the trial court's order denying reconsideration of the forfeiture of the $6,000. In his brief, Green states the issue as:

> Whether Appellee failed to carry its burden of proof to establish that Six Thousand Dollars ($6,000.00) discovered in the false center of a book, was subject to forfeiture pursuant to 42 Pa.C.S. §[§] 5802 and 5805; and therefore whether the Honorable Court below erred by denying Appellant's Post-Sentence Motion for Reconsideration for Return of Property pursuant to the Order dated July 12, 2017.

(Appellant's Brief, p. 6.)

Green misstates the burden of proof. When the trial court considered the motion for reconsideration, it was not incumbent on the Commonwealth to offer any

10

proof as to why the $6,000 should not be forfeited. On the contrary, it was incumbent on Green, as the moving party, to prove to the trial court that the forfeited property Green had agreed was subject to forfeiture should be reconsidered. A motion for reconsideration "is addressed to the sound discretion of the trial court." *Moore v. Moore*, 634 A.2d 163, 166 (Pa. 1993). Absent the trial court's abuse of discretion, we will not disturb the trial court's denial of reconsideration. *Belleville v. David Cutler Group*, 118 A.3d 1184, 1194 (Pa. Cmwlth. 2015).

In this appeal, it was incumbent on Green to make the argument as to why the trial court abused its discretion by not granting the petition for reconsideration for the $6,000 found not on his person while granting the $3,343 found on his person. Because Green does not address this issue on appeal, that issue is waived.

Accordingly, we affirm the decision of the trial court.

_____
DAN PELLEGRINI, Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
   :
      v.           :  No. 1664 C.D. 2017
   :
Marcus A. Green,        :
           Appellant   :

# **O R D E R**

AND NOW, this 6th day of December, 2018, the order of the Court of Common Pleas of Delaware County dated October 5, 2017, is affirmed.

_____

DAN PELLEGRINI, Senior Judge